## COMMONWEALTH *vs.* SIHON PACKARD.

Misjoinder of counts in an indictment is cured by a verdict for the defendant on the count improperly joined.

Testimony of a witness that he called for intoxicating liquor at a public house kept by the defendant, and that a waiter, by the defendant's order, delivered it to him; that the witness had never paid the defendant nor the waiter; that he offered to pay, but the defendant declined to take any thing; is no evidence of a sale of intoxicating liquors.

A refusal to instruct the jury that there is no evidence to support an indictment is a subject of exception.

INDICTMENT on *St.* 1852, *c.* 322, containing four counts, the first on § 12 for being a common seller of intoxicating liquors at New Bedford on the 1st of August 1852, and from that day to the 1st of January 1853 ; and the other three on § 7, for single unlawful sales of intoxicating liquors at the same place on subsequent days. Trial in the court of common pleas at December term 1853, before *Briggs*, J.

Before proceeding to trial, the defendant made successive motions to the court, to dismiss the indictment for misjoinder of these counts ; to require the district attorney to elect upon which of the counts he would proceed ; and to quash and strike out the last three counts. But the judge overruled each motion.

The only evidence in support of the third count was the following testimony of Henry S. Packard : " Lived at New Bedford, and kept a grocery store; knew the defendant, who kept the Parker House in that city ; all his dealings with the defendant were cash dealings ; did not know of the sale of any liquor at the Parker House since January last; some time last spring, called there, and said to the defendant he should like a little brandy, and the defendant sent one of the waiters, and he brought the witness some brandy and water, and delivered it to him. On cross-examination he said, he did not pay the defendant or the waiter any thing ; that he offered to pay, and the defendant refused to take it." The defendant requested the judge to instruct the jury that there was no evidence to charge him upon this count. But the judge declined so to do.

9*

The jury returned a verdict of not guilty on the first count, and guilty on the three others. And the defendant alleged exceptions.

This case was argued and decided at October term 1854.

*N. Morton,* for the defendant. 1. The counts for single sales were improperly joined with the count for being a common seller; these being distinct offences, for which different punishments are prescribed. 2 Mass. (Rand's ed.) 164, *note.* Archb. Crim. Pl. (5th Amer. ed.) 66. The *St.* of 1852, *c.* 322, §§ 7, 12, though it allows two or more acts of violation of the same section to be joined, does not affect this rule.

At least, the attorney for the Commonwealth should have been required to elect for which kind of offence he would prosecute. Otherwise, as the time is not material, the defendant might have been convicted of both kinds of offence, upon the same evidence, and punished twice for the same offence. The jury had the right to say under which section of the statute they would punish him for the offence.

2. There was no evidence to support the third count, and the jury should have been so instructed. The only evidence offered was that the defendant did not commit the offence charged in the third count. Whether there is any evidence or not is a question for the court, and therefore a subject of exception. Rev. Sts. *c.* 138, § 11.

*J. H. Clifford,* (Attorney General,) for the Commonwealth. 1. It is the common practice under the present liquor law, as well as under all previous ones, to join counts as in this indictment. These counts for single sales specify times subsequent to the period covered by the first count, and therefore the defendant is not aggrieved. Besides; the verdict of the jury has forever discharged the defendant from the first count.

2. There was some evidence of a sale in support of the third count. The witness evidently thought he was to pay; for he offered to pay. It is not the duty of a judge to express an opinion upon the weight of evidence. *Bassett* v. *Porter,* 4 Cush. 487 *McGregory* v. *Prescott,* 5 Cush. 67. Some judicial discretion in such matters must be exercised by the court of common

pleas; and the remedy, if the evidence is insufficient to war-rant a conviction, is by motion for a new trial, not by exceptions.

BY THE COURT. 1. It is not necessary to decide whether the first count could have stood with the others; for having been negatived by the jury, it is as if it had never been inserted in the indictment. *Kightly* v. *Birch*, 2 M. & S. 533.

2. A sale of intoxicating liquors is a delivery, upon compensation made, or stipulated to be made. There must be an agreement to pay, to make it a sale ; otherwise, it is a mere gratuity. Here it was left doubtful upon the evidence, until the witness testified that the defendant declined to take any pay. There was then no evidence which ought to be left to the jury. The exceptions must therefore be sustained as to the third count.

The attorney general then, with the leave of the court, entered a *nolle prosequi* upon this count, and the court overruled the exceptions as to the other counts.