### JOHN LAMBERT v. THE STATE.

#### *No. 1115. Decided February 24th, 1897.*

**1. Local Option—Petition for County Election—Order for Election.**

Under provisions of Art. 3227, Rev. Stat., a County Commissioners' Court is authorized to order an election for local option upon their own discretion and motion, regardless of the fact whether a petition to order the election is presented to the court or not; and, where a petition for a county local option election was signed by only 226 qualified voters, the statute requiring 250, Held: That as the law authorizes the court to use its discretion to order the election regardless of the petition, where the court has acted, no matter what the recitation in the order may be, the exercise of their power will be attributed to an exercise of the discretion which is placed in them by the law, and the election is not illegal and void because the petition for the same was signed by a less number of qualified electors than the law required to such petition.

**2. Same—Burden of Proof—Questions for Jury.**

On a trial for violation of local option, where the order for election, order declaring the result and prohibiting the sale have been introduced in evidence, the burden is upon defendant to show, that such orders were not made in conformity with the law; and, if there is a conflict in regard to either of these facts, the court should leave the issue to be determined by the jury; where there is no such conflict, the court may properly instruct the jury that local option is legally in force.

**3. Same—Order Declaring the Result.**

Where the order declaring the result of a local option election recited that it was published in a weekly newspaper for four successive weeks, "ending on April 18th, 1896," which was Saturday, and the alleged violation of the law was, "on or about the 18th of April," or "on the 18th of April." Held: That unless the first publication was made on Sunday, the four weeks had evidently ended on the 18th, which was Saturday, and the time of the publication had expired at the time of the alleged violation of the law laid in the information as on "the 18th."

**4. Same—A Test, or Fictitious Case.**

On a trial for violation of local option, where it appeared, that the parties, in order to test the validity of the law, sold and purchased the liquor as alleged, the case cannot be a feigned or fictitious one, but becomes a real case, and is none the less so because the parties did the acts for the purpose of making a test case.

APPEAL from County Court of Palo Pinto. Tried below before Hon. D. M. HOOD, County Judge.

Appeal from a conviction for violation of local option; penalty, a fine of $100, and twenty days' imprisonment in the county jail.

No statement necessary.

*W. D. Gibbs* and *Albert Stevenson,* for appellant.—The first question presented is that the court below, over the objections of appellant, admitted in evidence the orders of the Commissioners' Court ordering the local option election, declaring the result, and showing the fact of publication. These were objected to because the first showed that the election was ordered on a petition of 226 names only and not on the motion of the court, and the statute required 250 names. In this connection the appellant offered in evidence the order of the Commissioners' Court made on the protest of certain citizens, of date October 1, 1895, in which order the court found affirmatively that it had ordered the election on the petition of 226 names only, and that it had not ordered it on the court's motion. And further, offered to prove by the Hon. D. M. Hood, the presiding judge of the Commissioners' Court, that such was the fact. The trial court excluded both the order on the protest and the testimony of Hood. On this point an appropriate charge was requested, but refused.

It was competent for the Commissioners' Court, if it had made a mistake of law, or otherwise, to review its action and correct the mistake. If they had ordered the election under the mistaken idea that the Act of 1887, which only required 200 signers, was the law at that time, and if it was a fact that they acted only on the petition and would not have ordered it but for the petition, if they had been misled in the matter it was their duty to correct it. They do this in public road and all other matters within their jurisdiction. Again, the irregularities in the election are such as to have authorized the court to set the whole thing aside. Arberry v. Beavers, 6 Texas, 457.

Again, if the validity of the election is to stand on the petition alone, then it is insufficient; and if on the motion of the court, then that would not be the truth, as shown by the order itself, and in the finding of the court in its order on the protest and as offered to be proven by Judge Hood. I am aware of the decisions of this court in the Ezell case in 29 Tex. Crim. App., 521, and the Dillard case in 31 Tex. Crim. Rep., 470, and do not question the soundness of those decisions. But the exact question here presented is different from those cases. If the record here showed that the election was ordered on the motion of the court, or if it was even silent on that point, then the presumption might be, and under those cases would be, that the order was on the motion of the court. Here the order shows, the finding of the Commissioners' Court itself shows and defendant offered to prove that the order was not on the motion of the court. A presumption cannot overturn or defeat the truth. Suppose a fraud had been practiced on the court. Suppose on a petition of any number of names, every name on it was forged and that fact can be shown, must the fraud be upheld because the court could have ordered the election on its own motion and therefore it will be presumed that it did do so, and the fraud is upheld and sails joyously on in the name of temperance. This will not do. I repeat, if the record was silent on this point, it might, and, under those cases, would be a

different thing, but here the truth is evident, and a presumption must give way to truth. Ex parte Segars, 32 Tex. Crim. Rep., 553; Irish v. State, 34 Tex. Crim. Rep., 130.

Again, the notices of the election given were insufficient, and a charge on this was requested and refused. This case shows the folly of the notices required by the local option statute. One notice at the little county seat, one at Mineral Wells, in the north east corner of the county, one at Santo, one at Gordon and one at Strawn, the last three places on the line of the Texas & Pacific Railway on the south line of the county and the bulk of the county with no notice, and eleven voting boxes in the county. See evidence of County Clerk Crossland. I respectfully insist that such notices ought to be held cumulative of the notices required by our general election laws, and that notices should be posted up at each box. As it is they could all be put up in one corner of the county. Our Court of Civil Appeals at Fort Worth divided on this question. See, Voss v. Terrell, 34 S. W. Rep., 170.

Again, the court charged the jury just as if local option was in effect in the county, though he did not in terms tell them so, as in Ezell v. State, 29 Tex. Crim. App., 521, but for the same reason the charge as given is just as objectionable as in the Ezell case. This was excepted to.

Again, the order of County Judge showing publication of result, shows that the law could not have gone into effect until April 19, 1896. The testimony of State's witness, Henry, who bought the liquor, is not controverted, and he says that the sale (if any) was on the 18th of April, 1896. This is fatal to this conviction and I need only cite the statute, requiring such publication. Rev. Stat., Art. 3391 (3234). The court will note that the entry of publication shows that the 18th was the last day of publication and hence did not go into effect till the day following.

Again, the proof shows that the alleged sale was, in effect, a gift, it may have been for the purpose of getting up a test case. I know nothing about that. I would not participate in any such proceedings, either as a lawyer or a citizen. The parties to the transaction say that it was not and that Green, on request, gave Henry the money to buy the drinks with. I am inclined to believe their statement, such things do happen. At any rate, the point is presented for what it is worth. If the defendant, not Green nor the house, profited by the transaction it was not a sale, in law.

*Mann Trice*, Assistant Attorney-General, for the State.—While it is true only 226 qualified voters signed the petition, asking for the election, yet under Art. 3384, Penal Code, new code, the Commissioners' Court is authorized to order an election for local option, either on its own motion or on the petition of 250 qualified voters. The election having been ordered, and it appearing that 250 qualified voters did not sign petition, the presumption prevails that the court ordered same pursuant to the power vested by Article 3384, supra. The exercise of this discre-

tion cannot be defeated by an attempt and failure on the part of the cit- izens to obtain the requisite number of signers. It is the obvious in- tent of the law to empower the Commissioners' Court to order an elec- tion in such cases, or upon its own motion without reference to what motive may have actuated it, and when the order is made, same is con- clusive..

Therefore the court did not err in refusing to permit testimony show- ing that the Commissioners' Court would not have ordered the election but for the belief that the petition was sufficient. Ezell v. State, 29 Tex. Crim. App., 521; Dillard v. State, 31 Tex. Crim. App., 470.

HENDERSON, JUDGE.—Appellant was tried for violating the local option law, and his punishment assessed at a fine of $100 and confine- ment in the county jail for twenty days; hence this appeal. It appears from the record that the entire county of Palo Pinto voted upon local option at the election under which this prosecution is based. It is con- tended by appellant that the election was illegal and void, because, as he insists, but 226 qualified voters petitioned for said election, when the law then in existence required 250. We copy as follows from the order of the court on this subject: "Whereas, there came on to be heard a pe- tition signed by 226 qualified voters, residing in Palo Pinto County, Texas, asking for an election to determine whether or not the sale of intoxicating liquors should be prohibited in Palo Pinto County, it is therefore ordered by the court that an election be held by the qualified voters of Palo Pinto County," etc. The contention of appellant, as we understand it, is that, as the order of the court appears to be based on a petition of the qualified voters of said county, the presumption cannot be indulged that the court made the order on any other account than that stated. The statute under which this election was held was Article 3227 of the Acts of 1893, which authorizes the Commissioners' Court of any county to order an election for local option in the county whenever they deem it expedient; and it makes it their duty to order an election for such purpose whenever as many as 250 qualified voters in the county petition them to do so. The court has the inherent right to issue the order without a petition. It is not necessary for any fact to exist in order for the court to exercise that power. The statute requires the court to issue the order when petitioned by 250 voters, and is not for the purpose of giving the court jurisdiction to issue it; but, when this is done, it becomes imperative upon the court. Let us suppose that the petition was presented and signed by less than 250 voters of the county, and that the court was induced to make the order by that peti- tion. This would be perfectly legitimate, because they could make it without any petition. We cannot inquire as to what induced the court to make the order; nor will the members of the court be heard to deny that they ordered the election of their own motion, notwithstanding the recitation in the order would suggest that the matter was called to their attention by a petition. If the law only authorizes the jurisdiction

of the court to order an election on local option on a petition of 250 qualified voters, then the contention of appellant would have some force; but as the law empowers them to use their discretion, regardless of a petition, to order the election, when they have acted, no matter what the recitation in the order may be, the exercise of their power will be attributed to an exercise of their discretion, which is lodged in them by the act itself. The court did not instruct the jury that the local option law was in force in Palo Pinto County, but left it to the jury to determine. However, if the court had thus instructed the jury, we believe the instruction would have been proper in this case. The order for the election and the order declaring the result and prohibiting the sale of intoxicating liquors in that county were introduced in evidence. Under such a state of case, the burden was upon the defendant to show that the court in the first instance had no authority to make the order for the election, or to show that the proper notices were not posted, or to show that the order forbidding the sale of intoxicating liquors had not been published as required by law. Now, if there be a conflict in the testimony in regard to either of these facts, the court should not have instructed the jury that local option was in force in that county, but have left the issue to the jury. In this case the order for the election was attacked in the manner above indicated, to-wit: because not made by the Commissioners' Court upon their own motion. As above stated, we found this untenable. Appellant does not insist that the proper number of notices were not posted as required by law. The only complaint is that the sale, according to the evidence, was not made after local option went into effect. The order of court introduced in evidence shows as follows: "Published in the Palo Pinto County Star, a weekly newspaper, published in said county for four successive weeks, ending on April 18th, 1896." Now, unless this publication was first made on Sunday, evidently it ended before the 18th, which was Saturday. By the expression "ending on April 18th, 1896," may be meant that the time had already expired on that day. Any other construction would make the publication to have begun on a Sunday. But, whatever may be the construction in this regard, yet the testimony of all the witnesses who speak upon this point is to the effect that this occurrence was after local option had gone into effect. Some of the witnesses say "on or about the 18th of April," and but one says "on the 18th." All, however, say that it was after local option had gone into effect in that county. This is further borne out by the suggestion, made in this record, that this case was made as a test case, to try the validity of the local option law, and evidently the parties engaged in making such a case would wait until local option went into effect. We think the evidence shows that the four weeks' publication had expired at the time of the alleged violation of the local option law. As to this being a fictitious case, the evidence unquestionably shows that the liquor was purchased, and that local option had gone into effect in Palo Pinto County at the time, and this is not under the proof of a

feigned case. The purchase of the liquor actually occurred, and was intended as a test of the validity of the local option law. Because the parties undertook to do things inhibited by the law does not constitute a merely feigned or fictitious case, but is a real case, and is none the less so because the parties did the acts for the purpose of making a test case. No errors appearing in the record, the judgment is affirmed. ·

*Affirmed.*

[Note.—Appellant's motion for rehearing was overruled without a written opinion.—Reporter.]