## MRS. M. L. LOVELESS v. THE STATE.

### No. 1339. Decided January 11, 1899.

**1. Local Option Election—Order Declaring Result—Judge's Certificate of Publication.**

On a trial for violation of local option, where the election for local option was ordered for and held in Justice Precinct No. 2, the fact that the certificate of the county judge recited that the election was in "precinct number two," omitting the word "justice" before the word "precinct," and the further fact that said certificate refers to said matter as having occurred in "said election precinct," would not render the said certificate invalid, especially where the record evidence shows that the election was held in said Justice Precinct No. 2.

**2. Same—Petition for Filing of.**

It is not necessary that a petition for a local option election should be filed prior to the convening of the commissioners court granting the order for the election. Rev. Stats., art. 3384.

**3. Record Evidence—Instructions.**

On a local option trial, where the orders of the commissioners court were read without objection from the records of the court, and there was no motion to exclude the same as evidence, it was not error to refuse a requested instruction to the effect that the mere reading of such records without proving them is not evidence.

**4.   Local Option—Sale—Evidence Sufficient.**
   See evidence summarized in the opinion which is held sufficient·to support a conviction for the sale of whisky in violation of local option.

   APPEAL from the County Court of Kaufman.   Tried below before Hon. JOHN VESEY, County Judge.
   Appeal from a conviction for a violation of local option; penalty, a fine of $25, and twenty days imprisonment in the county jail.
   The opinion states the case.

   *Lee R. Stroud,* for appellant.—The court erred in allowing the State, over defendant's objection, to introduce in evidence the certificate of publication of the order declaring the result of the prohibition election, for the reason that said certificate showed the order as published to prohibit the sale of intoxicating liquor not in justice precinct No. 2, as alleged, but only in election precinct No. 2.
   The court erred in refusing to give defendant's special charge, charging the jury in substance thus:   That the order of the commissioners court declaring the result of a local option election and prohibiting the sale of liquor, must, after such order is made, be published in a newspaper in the county wherein such election was held for four successive weeks, and that said publication must name or describe the particular district or precinct wherein the sale of intoxicating liquor is prohibited; because, as shown by the evidence, the only publication that was ever made of any order declaring the result was that which described the prohibition precinct as being election precinct No. 2, instead of justice precinct No. 2, and there was absolutely nothing in such publication to indicate that it referred to justice precinct No. 2.
   Before the local option law can take effect in a prohibited district, the order declaring the result must be actually published in a newspaper, and if there should be a publication in a newspaper which, instead of describing the justice precinct describes it as another and different precinct by calling it election precinct, the court in such case could not refuse a special charge telling the jury that the order must be published, and must describe or name the prohibited district in the publication.
   We maintain that the object of publishing the order declaring the result in some newspaper of the county is to·give notice to the public of what particular locality the law shall effect.   But if a local option election should result for prohibition in justice precinct No. 2, and the publication nowhere mentioned that it was a justice precinct, but instead of so doing it only called it election precinct, then the public would have no notice from such publication of the true locality which the law was to effect.   So the publication was defective in failing to describe it as justice precinct, and still more objectionable because it actually misdescribed it by calling it election precinct.   Of course the petition and the order for the election, etc., could not aid the publication unless they had also been published as part thereof.   Suppose, to illustrate,

that local option election should carry in Ellis County, and the publication should state that ·it was carried in Johnson County, then we ask, would the publication be correct notice,—would it be any notice at all? We do not think this illustration is overdrawn, because, for the publication to describe the district not as a justice precinct, but to misdescribe it as election precinct, would ·be just as grave a defect as if it had described the wrong county in the illustration above mentioned. Now, it has been twice decided by this appellate court that the article of the statute requiring publication is mandatory. · See Aiken v. State, 14 Texas Crim. App., 142; Philips v. State, 23 Texas Crim. App., 304. Again, there are a line of decisions, beginning with the Steele Case, 19 Texas Criminal Appeals, all of which hold that where the Legislature is permitted to delegate and where it does delegate unto the people the enactment of local laws, that there must be a strict compliance with the statutes prescribing the manner for the enactment by the people of such a law. It will be observed that our numerous assignments of error, both as to refusal of special charges and as to defect in the main charge, etc., are all based upon the question here discussed. Perhaps we should have bothered this court with only one assignment of error, that is, with the assignment that the verdict is unsupported by the evidence, as that seems so conclusive as to almost necessarily determine the case.

The verdict of guilty is unsupported by the evidence because an actual sale was not proven, the evidence being only this: That H. W. Wilman walked into the defendant's restaurant and said he wanted a drink of whisky, and defendant says, "I have some here," and got the whisky and poured him out some and he drank it, and then, without saying anything, laid down his dime and walked out, and this was all he knew tending to show that the defendant intended to sell the whisky; after which the defendant testified that all these statements were true, but while said witness was drinking the whisky she was putting up the bot-·tle, and turned around as he was going out and saw the money lying on the table, and she called to him, but he did not seem to hear her, as he was then going out at the front door, and that all the facts detailed by H. W. Wilman, the witness, are true, and that she had no intention to sell him the whisky.

*Mann Trice*, Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—Appellant was convicted of violating the local option law in justice precinct No. 2 of Kaufman County, and her punishment assessed at a fine of $25 and imprisonment in the county jail for twenty days; hence this appeal.

The first bill of exceptions reserved recites that, after the State introduced in evidence the petition for the election, and the order declaring the result of the election in proper form, the certificate of the county judge of the publication of the order, as noted upon the minutes of the court, was introduced in evidence. This certificate stated the

fact that the petition signed by fifty voters of precinct No. 2 of Kaufman County, was presented to the court, asking that an election be held in said precinct No. 2 of said county to determine whether or not the local option law should prevail in said precinct. It further recited that the appropriate number of notices of the order of election were posted in different places in said "election precinct" for twelve days prior to the election; and, after reciting these facts, said certificate certifies that the sale of liquors was prohibited in said precinct. Then follows the further certificate of the publication of the result in the Forney Tribune for four consecutive weeks. Appellant then requested the following charge in this connection: "The jury are instructed that the order of the Commissioners Court declaring the result of a local option election must, after said order is made, be published in a newspaper of the county wherein such election was held for four successive weeks, and such publication must name or describe the district or precinct wherein the sale of intoxicating liquors is prohibited. If, therefore, you should find from the evidence before you, that such order declaring the result as aforesaid, as published, did not describe or name the precinct in which the election was held, you will acquit the defendant, and find her not guilty." This charge was refused, and this bill of exceptions reserved to the refusal to give said charge. We do not think there was error in refusing to give the charge. This bill of exceptions states that these orders were all in proper form. There was no issue before the jury in regard to this matter. The record evidence all shows the election was ordered for and held in justice precinct No. 2, and the fact that the court recited the fact that it was in "precinct number two," omitting the word "justice" before the word "precinct," would not render the certificate invalid; nor does the fact that, further along in said judge's certificate, he refers to said matter as having occurred in said "election precinct." As before stated, had evidence been introduced controverting the fact that the election was held in that precinct, it might have suggested such issue. But the whole exception is based upon the fact that the word "justice" was omitted in the first portion of the certificate, preceding the word "precinct," and subsequently, in one place in said certificate referred to as "said election precinct." That this was the particular precinct is made certain by reference to the other record evidence in the case, and this certificate of the judge referred to the election held in said justice precinct No. 2. The same may be said with reference to the objections urged to the introduction in evidence of said certificate of the judge in bill of exceptions No. 3.

The second bill of exceptions was reserved to the action of the court permitting the State to introduce in evidence the petition for local option, which was filed on the 9th of May, 1892, being the first day of the term of the Commissioners Court at which said petition was granted. It does not seem necessary that the petition shall be filed prior to the convening of the court granting the order for the election. The commissioners courts are empowered of their own volition to order local op-

tion elections, and the court will not go behind these orders when made for such purposes. This has been the rule since Ezzell v. State, 29 Texas Criminal Appeals, 521. But, if it were necessary to have a petition, or if the court were confined in its action to the petition itself, it is unnecessary that it be filed prior to the convening of the court entering the order for the election. Rev. Stats., art. 3384.

The fourth bill of exceptions was reserved to the refusal of the court to give the jury the following instruction: "In this case, the jury are charged that the mere reading by State's counsel, in the hearing of the jury, what purported to be the records and proceedings of the Commissioners Court, without proving them to be the records, is not evidence. You are further charged that failure on the part of the State to prove that notice of an election, if the State did so fail, to be held in conformity to law, was published in some newspaper published in Kaufman County, Texas, is fatal to the State's case; and you should acquit defendant, if you so find." The orders of the Commissioners Court were before the jury without objection. Said orders were read from the records of the court, after the appellant had been asked if she had any objection; and it is stated that the defendant made no objection thereto at said time, or afterwards, except as contained in this requested charge. The court correctly refused this charge. The records, as introduced, were properly admitted, and, if there were any objections, they should have been urged at the time the records were offered, or by motion to exclude same as evidence.

It is also contended that the evidence is not sufficient to support the conviction. The State's evidence is that the purchaser went into appellant's place of business, and called for whisky; that appellant gave him the whisky, and he then laid the money upon the table and left. Appellant testified that the whisky was furnished to and drank by the party who received it; that he laid the money on the table and left; and she picked it up and gave it to her child. She says that she did not intend to sell the whisky, but it is uncontroverted that she furnished the whisky and took the money. We think the evidence justified the conviction, and the judgment is affirmed.

*Affirmed.*