### George Koch v. The State.

No. 3013.     Decided June 14, 1905.

**1.—Local Option—Newly Discovered Evidence—Preponderance of Evidence.**

Where in a prosecution of a violation of the local option law, the motion for new trial sets up newly discovered evidence and shows diligence and that the evidence discovered is material, and a clear preponderance of the evidence on the trial is in favor of appellant, a new trial should have been granted.

**2.—Same—Special Session Commissioners Court—Order For Election.**

An order for the election on the question of local option may be made at a special session of the commissioners court, and an order which was made at such special session, but recited that it was made at a regular session was nevertheless valid.

Appeal from the County Court of Bell.  Tried below before Hon. W. R. Butler.

Appeal from a conviction of the local option law; penalty, a fine of $50 and twenty days confinement in the county jail.

For a statement of the case reference is here made to appellant's brief.

*McMahon & Curtis*, for appellant.—We submit that this court should reverse this case because of the insufficiency of the evidence to support a verdict. While we appreciate the fact that a case is seldom reversed upon the insufficiency of the evidence, still we understand the rule to be that where the verdict of the jury is against the great preponderance of the evidence, and it appears that the verdict is clearly wrong, that this court will interpose in behalf of a defendant and set aside the conviction. The record discloses in this case that the State relies alone for a conviction of appellant upon the testimony of one L. S. Ray, who testifies that on the night of the 15th of December, between the hours of ten and eleven o'clock he was in the San Souci Club in the town of Temple, Bell County, Texas, and bought from appellant two drinks of whisky and paid him 25 cents for the same. He also states that he gave appellant 50 cents and appellant gave him back 25 cents in change, and that Mr. Hartin was with him at the time and that he treated Mr. Hartin, he taking a drink of whisky. He admits at the time this transaction took place, one George Zivley was present. This witness also states that he remarked to Hartin, "lets have something, and we walked to the bar and he said he would take whisky and I also called for whisky." This witness is directly contradicted by Mr. Hartin,

who testifies on this point as follows: "I am a policeman in the city of Temple and was such in December, 1904, and have been working for the city of Temple for about ten years. I know the witness, L. S. Ray. We were together in the San Souci Club on the night of December 15, 1904, between the hours of ten and 11 o'clock, p. m., George Zivley was also present at the time. L. S. Ray and I were together and I asked Mr. Ray to have something with me and I had some whisky of my own, which I had ordered from outside the limits of Bell County, and which the defendant, George Koch had in his possession and was keeping for me in the San Souci Club. Mr. Ray came up to the club bar with me from where we were talking near the stove, and L. S. Ray called for and took a cigar and I took a drink of my whisky. I paid for the cigar which he took. That was all the money that passed over the bar, and it is not true that L. S. Ray ever took a drink with me or that he took a drink on that night, and it is not true that he paid for any intoxicating drink in the San Souci Club in my presence. I am an officer of the law and would not have permitted any sale to be made in my presence without arresting the offender, and no transaction ever took place in my presence as was testified by the witness, L. S. Ray." The appellant testified as follows: "My name is George Koch and I am one of the stewards in the San Souci Club in Temple. I remember the occasion on December 15, 1904, when Will Hartin and L. S. Ray were in the San Souci Club together. They had been standing talking near the stove and walked to the bar together. Will Hartin called for a bottle of whisky which belonged to him, and which I was keeping in the San Souci Club, and he took a drink out of his own bottle. L. S. Ray called for a cigar, but did not drink anything. It is not true that he paid me 25 cents or that he took a drink of whisky. He never did buy any intoxicating drinks of me, nor did he ever take a drink in the San Souci Club to my knowledge. Will Hartin paid for the cigar that L. S. Ray took."

We submit that the court should reverse this because the court erred in overruling the motion for new trial on the ground of newly discovered testimony, material to his defense, and which testimony would unquestionably change the result if a new trial should be given. It was clearly shown in appellant's motion for a new trial that he had no knowledge of such testimony prior to the trial; that it was newly discovered; that appellant did not know what the testimony of the State's witness, L. S. Ray, would be; that the indictment did not disclose the nature of the transaction, or the details of the same upon which the State would rely for conviction; that the indictment even gave an incorrect date; that appellant had tried to elicit from the witness, Ray, what his testimony would be, but that he was denied the information that would give him any notice whatever of the nature of the State's case or the nature of the transaction relied upon for conviction; that the first information appellant had of the State's case was while the witness, L. S. Ray, was testifying, when Ray stated that instead of

being on the 20th of December, as charged in the indictment, it was on the night of December 15, 1904, and that George Zivley, among others, was present. Appellant knew that he had not sold the witness, Ray, anything, but did not know what the testimony of George Zivley would be as to whether or not he had any recollection of being present on the night of December 15th, and what occurred at that time, consequently appellant did not have sufficient information as to what Zivley would testify as would have enabled him, at that time, to have asked the withdrawal of his announcement and a postponement of the trial; that appellant did not even know at any time during the trial that E. I. Ellis had been present on the night of December 15th at the time of the alleged occurrence, as there had been nothing to specially impress the matter upon his mind at that time or to take notice of who was present on that occasion, and only discovered accidentally several days after the trial that E. I. Ellis was present on that occasion.

It can hardly be contended by the State that the testimony of these two witnesses is not material, probably true, and if the same had been placed before the jury, that a different result would have been reached. In the affidavit made by George Zivley, he makes the following statement to wit: "I George Zivley do solemnly swear that I know George Koch, defendant in the above styled and numbered cause, and have known him for a long time; that I am now constable at Lampasas, Texas, and was in Temple during the month of December, 1904, acting as special officer for the G. C. & S. F. Ry. Co., and was in the San Souci Club on the night of December 15, 1904, at which time Mr. L. S. Ray and Mr. Will Hartin were present, and I heard Will Hartin ask Mr. Ray to have something with him; and Mr. Ray and Mr. Hartin walked up to the club bar from the stove, where they were standing talking and Mr. Hartin called for whisky and Mr. Ray called for and took a cigar. Mr. Hartin drank the whisky, Mr. Ray did not drink anything. I heard Mr. Ray offer to pay for something at that time, but Mr. Hartin said, 'I have whisky here, and the cigar is on me'; Mr. Hartin paid for the cigar and that was all the money that was passed over the bar or paid. Mr. Ray did not give Mr. Koch the half dollar and receive a quarter back, he did not pay for anything. I have no interest in this case whatever. I have never taken a drink in the club, and am not a member of the same. I do not drink and just happened to be present at that time. I heard them talking at the stove about phrenology just before drinking." E. I. Ellis, in his affidavit, makes the following statement to wit: "I E. I. Ellis do solemnly swear that I am in the employ of the Western Union Telegraph Company, whose office adjoins the San Souci Club. That I was in the club about December 15, 1904, and was standing near the bar; that Will Hartin and L. S. Ray walked up to the bar together; that Will Hartin called for a cigar, and Mr. Koch waited on them. There was no money passed over the bar, except for the cigar, and Mr. Hartin paid for that. After the conviction of George Koch I heard it was for selling whisky on that occasion, and

I told Koch what I knew, and that was the first time I had told him what I knew, and I do not suppose he knew I was present until I told him." The court will see that no fair jury would likely have found a verdict against appellant if this testimony had been placed before them, and it will further be seen that it was not for the lack of any diligence on the part of appellant that this testimony was not produced upon the trial. As we have stated the record shows that it came to appellant's knowledge since the trial. The only plausible argument that the State could make against the contention of appellant that he should be granted a new trial on the ground of this newly discovered evidence, is that it is cumulative of the evidence upon the trial. It is true that this testimony to some extent, is cumulative, but there are some facts stated by these witnesses that are not the testimony of George Zivley. Zivley says: "I heard Mr. Ray offer to pay something at that time, but Mr. Hartin said, 'I have whisky here and the cigar is on me.'" This was a conversation that Zivley says took place at the very time Ray claims to have bought the whisky from appellant, and a careful reading of the record will disclose to the court that no such statement was made by any of the witnesses upon the trial of the case. This being an independent fact testified to by this witness, in his affidavit, different from any fact stated by the witnesses on the trial, the same is not cumulative. Riojas v. State, 36 Texas Crim. Rep., 182. This witness also states in contradiction to the witness, Ray, "Mr. Ray did not give Mr. Koch a half dollar and receive a quarter back, he did not pay for anything." There was no other witness on the trial of this case who made mention of a half dollar, except the prosecuting witness, Ray, who stated that he gave appellant 50 cents, and that appellant gave him 25 cents back. There can be no contention it would seem, on the part of the State, that the testimony of these witnesses is not probably true, when considered with the testimony produced upon the trial, and supported as they are by the best citizens in Bell and Lampasas Counties testifying to their good reputation for truth and veracity.

*Howard Martin,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was convicted of violating the local option law, and his punishment assessed at a fine of $50 and twenty days confinement in the county jail. The indictment alleges the sale to L. S. Ray. His testimony is positive that he bought the whisky from appellant. A clear preponderance of the testimony however, is in favor of appellant. Appellant insists that the court erred in refusing a new trial on the ground of newly discovered evidence. This motion should have been granted. Diligence is shown, and the testimony is material.

Appellant insists that the local option law is not in operation in Bell County, for the reason that the order for the election was made at a special session of the commissioners court, whereas the order recited that it was at a regular session. We have repeatedly held that the

order may be made either at a regular or special session of the commissioners court. Loveless v. State, 40 Texas Crim. Rep., 131; 49 S. W. Rep., 602; Abbott v. State, 42 Texas Crim. Rep., 8; 57 S. W. Rep., 97; Hanna v. State, decided at the present term.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

[Motion for rehearing overruled without written opinion.—Reporter.]