## ED MILLER v. THE STATE.

No. 2736.   Decided November 26, 1913.

**1.—Occupation—Intoxicating Liquors—Local Option—Election—Contest—Evidence.**

Upon trial of pursuing the occupation of selling intoxicating liquors in local option territory, there was no error in admitting in evidence the orders of the Commissioners Court with reference to the prohibition election; besides, there was no contest of the said election within the time allowed by law.

**2.—Same—Evidence—Soliciting.**

Upon trial of pursuing the occupation of selling intoxicating liquors in local option territory, there was no error in admitting evidence that defendant solicited witness to make a purchase of whisky.

**3.—Same—Evidence—Books of Express Company.**

Upon trial of pursuing the occupation of selling intoxicating liquors in local option territory, there was no error in introducing in evidence the books of the express company, to show the business defendant had with same with reference to the shipping and delivery of intoxicating liquor; it being shown that the books were correctly kept.

**4.—Same—Charge of Court.**

Where the evidence supported a conviction, there was no error in the court's refusal to instruct the jury to find defendant not guilty.

**5.—Same—Motion for New Trial.**

Where the court overruled the motion for new trial, a general bill of exceptions presents no question for review further than the motion would itself present.

**6.—Same—Argument of Counsel.**

In the absence of a requested instruction with reference to objectionable argument, and an oral withdrawal thereof by the State's attorney and the court appeared of record, there was no error.

**7.—Same—Withdrawal of Announcement.**

There was no error, after the trial had begun and the State had introduced its evidence, in overruling a motion to withdraw defendant's announcement; no

diligence having been shown to ascertain the facts before trial, and the same being only of an impeaching character.

**8.—Same—Charge of Court—Occupation.**

Where the court's charge in defining occupation followed approved precedent, there was no reversible error.

Appeal from the District Court of Lamar. Tried below before the Hon. Ben H. Denton.

Appeal from a conviction of pursuing the occupation of selling intoxicating liquors in local option territory; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*H. B. Birmingham,* for appellant.

*C. E. Lane,* Assistant Attorney-General, and *R. T. Lipscomb,* district attorney, for the State.

HARPER, JUDGE.—Appellant was prosecuted and convicted of pursuing the business and occupation of selling intoxicating liquors in prohibition territory, from which judgment he prosecutes this appeal.

In introducing the orders of the Commissioners Court, the State introduced the one ordering the election which on its face shows that the clerk of the court was ordered to "post or cause to be posted at least five notices of this order, at different places within Lamar County for at least twelve days prior to the said 26th of June, 1909 (the day of election), as the law directs." Appellant objected to the order on the ground that "it does not give such notice as the law demands." This order complies strictly with articles 5717 and 5718 of the Revised Statutes. The objection to the other orders are equally untenable, as the proceedings were in strict compliance with the provisions of chap. 1, title 88, of the Revised Statutes. In addition to this, the objection would come too late, as article 5728 provides for a contest of the election within a given period of time, and if not contested, it shall be conclusively presumed that said election is valid and binding upon all courts.

A. Ware testified that he purchased whisky twice from appellant, giving the date, time and place. He also testified: "There were several nights I was at the depot after the second transaction and he generally would ask me if I wanted any more whisky. I could not positively say how many times he asked me,—several times though. In fact, every time I saw him he solicited me to make a purchase." Appellant objected to this latter testimony, but as appellant was being prosecuted for pursuing the occupation, it was clearly admissible.

The State introduced Mr. J. E. Vaughn, agent of the Wells-Fargo Express Company, at Paris, and he testified: The book shown me is the record of the depot delivery of whisky from March 22, 1912, to April 1, 1913, of the Wells-Fargo Express Company. That the book was

correctly kept, and that appellant had been to the express office and had business transactions with him as agent of the express company, and he saw him sign the express record. That the books show shipments and delivery of whisky and alcohol to appellant on January 8, 1913; January 11, 1913; January 16, 1913; January 17, 1913; January 25, 1913; January 31, 1913, and other dates up to the time of the return of the indictment in this cause. As appellant was being prosecuted for pursuing the business of selling intoxicating liquor, the court ruled correctly in admitting this testimony.

There are four other bills of exception; one of them relates to the refusal of the court to peremptorily instruct a verdict of not guilty on appellant's motion. As the evidence above recited would sustain a conviction, the court did not err in overruling the motion. Another relates to the action of the court in overruling his motion for a new trial. This was unnecessary, and presents no question for review further than would be presented by the motion itself. In the third bill of exceptions it was stated that "the district attorney stated to the jury that on February 4, 1913, the appellant had shipped to him forty-eight pints of whisky." The court, in approving the bill, states that when objection was made, the district attorney corrected the statement, and the court instructed the jury not to consider the statement. In the absence of any request for a special charge in regard to the matter, this action of the court presents no error.

The only other bill relates to the action of the court in refusing to allow appellant to withdraw his announcement after the State had introduced its evidence. Appellant states he could prove by Tom Smith and Mr. Gossett certain facts which would have a tendency to impeach State's witness Ware. Appellant shows no diligence to ascertain the facts before announcing ready for trial, and as the testimony would only be admissible for the purpose of the impeachment of the State's witness, the bill presents no error.

The criticisms of the court's charge are without merit. He did not authorize a conviction for making two sales, but instructed the jury that they must believe beyond a reasonable doubt that appellant was pursuing the occupation, and made two sales to the person named in the indictment, or they would acquit, and then defined occupation in an unobjectionable way.

Affirmed.

*Affirmed.*