CANALES et al. v. MULLEN, County Attorney.   (No. 5706.)

(Court of Civil Appeals of Texas. San Antonio. March 22, 1916. Rehearing Denied April 26, 1916.)

1. INTOXICATING LIQUORS ⬉32(1) — LOCAL OPTION ELECTION—JURISDICTION TO ORDER—PETITION.

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 5715, authorizing the commissioners' court, whenever deeming it expedient, to order a local option election, and requiring it to do so when petitioned by 250 voters of the county, if it does so because of a petition only, the petition must be signed by the required number of legal voters of the county to give the court jurisdiction to make the order.

[Ed. Note.—For other cases, see Intoxicating Liquors, Cent. Dig. § 38; Dec. Dig. ⬉32(1).]

2. INTOXICATING LIQUORS ⬉37 — LOCAL OPTION ELECTION—CONTEST—EXTENT OF INQUIRY.

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 5728, giving the court jurisdiction in a local option election contest, "to try and determine all matters connected with said election, including the petition of such election and all proceedings

and orders relating thereto," it is its duty, on proper pleadings, to inquire into the qualification of the signers of the petition on which the election was ordered.

[Ed. Note.—For other cases, see Intoxicating Liquors, Cent. Dig. § 42; Dec. Dig. ☞37.]

Appeal from District Court, Jim Wells County; V. W. Taylor, Judge.

Local option election contest by A. C. Canales and others against R. R. Mullen, County Attorney. From an adverse judgment, contestants appeal. Reversed and remanded.

W. G. Love, of Houston, Walter G. Weaver, of Alice, and Love, Channel & Fouts, of Houston, for appellants. R. R. Mullen, I. A. Patton, and W. R. Perkins, all of Alice, and Dawson & Anderson, of Corpus Christi, for appellee.

SWEARINGEN, J. This is a proceeding to contest a local option election, held on the 6th day of November, 1915. The election resulted in favor of prohibition. The petition of the contestants A. C. Canales and others was filed in the district court on December 16, 1915, the county attorney of Jim Wells county being named as contestee. It was alleged that the commissioners' court did not order the election because they deemed it expedient, but ordered the election because a petition so to do was presented to that court signed by as many as 250 voters in the county, and it was further averred that while the petition did contain as many as 250 signatures that in fact 69 of those were the signatures of persons who were not qualified voters; that, therefore, the order for the election, as well as the election, was invalid and void.

To this petition, contestee filed a general demurrer, contained in his first amended original answer. Contestants filed a first supplemental petition, making substantially the same issue pleaded in their original petition. To this supplemental petition contestee filed a supplemental answer, renewing the general demurrer, both to the original petition and the supplemental petition. The court sustained the general demurrer of the contestee, and, contestants refusing to amend, judgment was finally entered against contestants, dismissing the suit. This appeal followed.

Appellants urge two assignments of error, the substance of which is that the court erred in sustaining the general demurrer of contestee and entering judgment dismissing the suit. The sole question presented by these assignments, and the proposition submitted thereunder, is that where the commissioners' court is petitioned by the voters to order a local option election, that petition alone gives jurisdiction to the commissioners' court to order the election, and that if the petition itself does not comply with the requirement of the statute it fails to confer jurisdiction upon the commissioners' court

to order the election, and that the election is therefore void.

The commissioners' court had exclusive power to order an election to determine whether the sale of intoxicating liquors should be prohibited within the county of Jim Wells. This power was given to the commissioners' court by the Legislature, as shown in article 5715, Vernon's Sayles' Civ. Stats. There have been several amendments to local option statutes, by which distinct changes were made in the law. The decisions construing the local option statutes can be harmonized only by bearing in mind the statute in force at the date of the opinion. The following summary may not therefore, be inappropriate.

In 1876 the Legislature made it the duty of the commissioners' court of each county of the state to order an election for local option, upon the written petition of 50 qualified voters of the county. 8 Laws of Texas (Gammel's) 862.

In 1879 the Legislature again amended the local option statute, but the amendment is not relevant to this discussion.

Construing this act of the Legislature of 1876 (Acts 15th Leg. c. 33), as amended by the Legislature of 1879 (Acts 16th Leg. c. 42), the Court of Appeals, in 1882, said:

"It is the petition that confers upon the commissioners' court the jurisdiction to order the election. Without such petition that court would have no power to act in the matter, and an order made by it for such an election, without such petition, or upon an insufficient petition, would be a nullity, and the election held in pursuance thereof would be a nullity. If there was a petition in accordance with the requirement of the law, it would be easy to produce it in evidence. The law requires it to be filed with the clerk of the county court, and it should be found among the archives of his office. Suppose that when this petition is produced, and it is found to have been signed by 10 instead of 50 qualified voters of the county, would the election be a valid one, and in accordance with the laws of this state? We think not." Prather v. State, 12 Tex. App. 401; McMillan v. State, 18 Tex. App. 375.

The statute of 1876, as amended in 1879, did not authorize the district courts to entertain jurisdiction of local option election contests.

In 1887 the commissioners' court was authorized to order an election to determine whether or not the sale of intoxicating liquors should be prohibited whenever the court deemed it expedient, and that statute made it the duty of the commissioners' court to order the election whenever petitioned so to do by as many as 200 voters in any county. 9 Laws of Texas, p. 96.

In 1887, for the first time, courts of competent jurisdiction were given, by statute, authority to hear contests of local option elections. This statute directs that any qualified voter may contest local option elections in any court of competent jurisdiction, and that upon the trial if it should appear from the evidence that the election was illegally

or fraudulently conducted, * * * the election would be held invalid. 9 Laws of Texas, 896.

In 1893 the local option statute was amended so as to authorize the commissioners' court to order the local option election when the court deemed it expedient, and made it the duty of that court to order the election whenever petitioned by 250 voters of any county. The amendment of 1893 contains substantially the same article authorizing contests of local option elections as that of the act of 1887. 10 Laws of Texas, 478.

In 1897 the Legislature amended the first article of the local option election law which had been passed in 1893, but made no change material to this discussion. 10 Laws of Texas, 1289.

Construing the first article of the local option statute of 1887, as amended in 1893 and 1897, several of the appellate courts of Texas held that, as power was given to the commissioners' court to order a local option election whenever the commissioners' court deemed it expedient, it would be presumed that the commissioners' court acted upon its own motion to order an election, and that the commissioners' court's order of election was conclusive evidence that the court ordered it because it deemed it expedient to order it, even though it appear from the order itself that the commissioners' court was induced to order the election by a petition, and these decisions of the appellate court hold that the irregularity of the petition for the election was immaterial, and the district court in contests of election cases could not inquire into the regularity of the petition for the local option election. Williams v. Davidson, County Judge, et al., 70 S. W. 987; Ezzell v. State, 29 Tex. App. 521, 16 S. W. 782; Lambert v. State, 37 Tex. Cr. R. 232, 39 S. W. 299; Loveless v. State, 40 Tex. Cr. R. 131, 49 S. W. 98.

In February, 1903, the Supreme Court of Texas, in an opinion by Judge Brown, held that "the contest of an election is a special proceeding authorized by the statute, and the courts are limited in their investigation to such subjects as are specified in the law," and held that the local option statute then in force did not empower the district court to consider proceedings that occurred prior to the day of the election. Norman v. Thompson, 96 Tex. 250, 72 S. W. 63. The local option statute in force at the time this opinion was rendered was the act of 1887, as amended in 1893 and 1897. After the opinion was rendered in the Norman-Thompson Case, the Legislature, in 1907, amended the local option statute, and by that amendment made it the duty of the district court in local option election contests "to try and determine all matters connected with said election, including the petition of such election and all proceedings and orders relating thereto." Vernon's Sayles' Stats. art. 5728.

[1, 2] Since this amendment of 1907 there have been no decisions wherein the question herein considered has been directly involved, but in several opinions there are broad intimations that in contests it is proper to inquire into any irregularity in the petition for the election. Thompson v. State, 72 Tex. Cr. R. 6, 160 S. W. 686[5]; Sasser v. State, 73 Tex. Cr. R. 539, 166 S. W. 1103; Miller v. State, 72 Tex. Cr. R. 151, 161 S. W. 129[1]. In the law of 1907 it was provided that all laws or parts of laws in conflict with it are repealed. Cofield v. Britton, 50 Tex. Civ. App. 208, 109 S. W. 493.

After the Supreme Court decided that under the statutes in force in 1903 no inquiry could be made into proceedings antedating the day of the election itself, the order of the commissioners' court for an election could not be reviewed, and proceedings preceding the order for an election which were required by the local option statute could not be reviewed by any court. Under that condition of the law, the commissioners' court could ignore or comply with all the steps, or any of them, provided by the statute. If the commissioners' court did not deem it expedient to order an election, but were deceived by a fraudulent petition for an election, the election would be ordered without any statutory authority, and yet there could be no redress or review because the order of the commissioners' court itself, though fraudulently obtained, was to be taken as final. We believe it was to create a procedure to right such possible wrongs that the Legislature enacted the amendment of 1907. This act expressly authorizes the district court in any contest to inquire into the petition for the election. By this amendment of 1907 every step in a local option election ordered upon petition provided by the statute could be reviewed, and because of this power to review given to the district court, the commissioners' court could be compelled to comply with all the requirements of the statute fairly and honestly, and could not, as prior thereto, ignore any of the statutory provisions.

Our construction of the present local option statute, which was last amended in 1907, is that the commissioners' court alone can order a local option election; that this power to order the election can be set in motion in either one of two ways, viz., either because the commissioners' court itself deems it expedient, or because a statutory petition makes it the duty of the commissioners' court to order the election.

If the commissioners' court ordered the election because of a voters' petition, then that petition for a prohibition election signed by the requisite number of qualified voters of the county is essential to establish the fact that the commissioners' court was legally invested with jurisdiction to order the election in the premises. This jurisdiction could be acquired by the petition only in the event

it was in compliance with the statutory requirements, among which was that it should be the petition of 250 qualified voters.

In a contest of the election it is the right of the contestee and the duty of the district court to inquire into the voting qualifications of the signers of the petition for the local option election when contestants make the qualifications of the signers an issue by proper pleadings.

Appellants in the case at bar, by their original and supplemental petitions, alleged that the petition for the local option election was not signed by 250 qualified voters in Jim Wells county, Tex.; that while the petition contained 297 signatures that 69 of those signing the petition were not qualified voters in Jim Wells county. This allegation was sufficient to entitle the contestants to an inquiry by the district court as to the truth or falsity of the allegation. If upon the trial it should be determined that the petition for the local option election was not signed by as many as 250 qualified voters of Jim Wells county, then and in that event the election should be declared invalid and void.

Our conclusion is that the trial court committed reversible error by its order sustaining the general demurrers of the contestee against the original and supplemental petitions of contestants, and that the judgment should be reversed, and the cause remanded.

Reversed and remanded.

---

&c=For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes