## SILAS (BUD) DARNEAL v. STATE.

No. A-2866.   Opinion Filed March 30, 1918.

(171 Pac. 737.)

1. **INTOXICATING LIQUORS—Unlawful Sale—Resale.** Where one person delivers to another certain intoxicating liquors in exchange for and in consideration of a sum of money then and there paid, the transaction constitutes a sale of intoxicating liquors, and it is immaterial whether the purchaser subsequently delivers a portion of such liquors to other persons who had theretofore contributed to a purse with which such liquors were purchased, where it appears that the person making such a sale was ignorant of the fact that such liquors were to be subsequently delivered to parties other than the one producing and paying the money.

2. **SAME—Accomplice.** Where D. delivers intoxicating liquors to R. in exchange for a money consideration, and is so charged and convicted of making an unlawful sale to R., and the evidence on the part of the state discloses that prior to said transaction the fund of money with which said liquor was purchased by R. from D. had been contributed to by R. and three other persons without the knowledge of said D., and that it was the intention of R., after obtaining possession of such liquor, to deliver same in part to said other parties who had contributed to the purse, such delivery to be made also without the knowledge of D., **held,** that under such circumstances R. is not an accomplice of D. **Buchanan v. State,** 4 Okla. Cr. 645, 112 Pac. 32, 36 L. R. A. (N. S.) 83, distinguished.

3. **SAME.** Under the facts above stated, the sale of the liquor by D. to R. was independent of any relation theretofore existing between R. and the parties who had contributed to such purse.

*Appeal from County Court, Le Flore County;*
*P. C. Bolger, Judge.*

Silas (Bud). Darneal was convicted of an unlawful sale of intoxicating liquor, and he appeals. Affirmed.

*McCurtain & Neely,* for plaintiff in error.

*S. P. Freeling,* Atty. Gen., and *R. McMillan,* Asst. Atty. Gen., for the State.

MATSON, J.  Plaintiff in error, Silas (Bud) Darneal, was convicted in the county court of Le Flore county at the August term, 1916, of selling intoxicating liquor to one W. H. Rutledge, and his punishment fixed at 30 days' imprisonment in the county jail, and to pay a fine of $50.

The facts upon which this conviction is based are about as follows: The prosecuting witness, W. H. Rutledge, together with three other parties who were residents of Spiro, Le Flore county, concluded to purchase some intoxicating liquor for their personal use. They boarded the train at Spiro and rode to Sculleyville in the same county, where they got off at the depot in that town, and walked out in the country about a mile and a half to a ravine close to where this plaintiff in error resided. There they all donated $1 a piece, and Rutledge was selected to approach this plaintiff in error for the purpose of purchasing some alcohol. Rutledge took the $4 and went to the house of Darneal about one-fourth of a mile away. There he purchased two quarts of alcohol, and paid Darneal the sum of $4 therefor, and Darneal delivered the alcohol to Rutledge without any knowledge on his part that the $4 formed a contribution by Rutledge and three other persons, and also without knowledge of the fact that

Rutledge was to deliver said alcohol in part to the other three persons who had helped donate the $4. Harvey Bryant, one of the parties who donated $1 for the purchase of this liquor, testifies to the same effect as the prosecuting witness, Rutledge, with the exception that he did not see the liquor purchased from Darneal, but only knows that Rutledge brought two quarts of alcohol back to the ravine after the purse of $4 had been contributed for that purpose. The defendant denied ever selling any alcohol or other intoxicating liquors whatever to the witness Rutledge, and also introduced a couple of witnesses to show that his general reputation as a law-abiding citizen was good.

Counsel for the defendant requested three separate instructions based on the theory that the prosecuting witness, Rutledge, was an accomplice of the defendant, Darneal, in making a sale of intoxicating liquor to all of the four persons who participated in contributing the purse for that purpose, and therefore a conviction, based on the uncorroborated testimony of said Rutledge, must not be permitted to stand. Counsel rely upon the case of *Buchanan v. State*, 4 Okla. Cr. 645, 112 Pac. 32, 36 L. R. A. (N. S.) 83. Said case is not in point. Here Darneal is prosecuted for making a sale to Rutledge direct. In the Buchanan Case, Buchanan was prosecuted for making a sale of liquor to one York, and the testimony in that case on the part of York was to the effect that he gave Buchanan some money, and Buchanan went away and brought him some whisky therefor. Buchanan claimed to be a go-between, and the agent of the purchaser, and not the seller in that instance. He occupied the same relation to the parties that Rutledge does in this case. The holding of the court in the Buchanan Case was to the effect that Bu-

chanan was guilty as a principal in making a sale to York, irrespective of the fact that he had previously purchased the whisky himself illegally from another party. There is no holding to the effect that the party from whom Buchanan purchased the whisky could not be convicted upon his (Buchanan's) uncorroborated testimony of making a separate sale to Buchanan. In this case, Darneal is charged directly with the sale of intoxicating liquor to Rutledge, who was the go-between. Darneal had no knowledge of the fact that Rutledge intended to deliver a portion of this alcohol to any other party. So far as Darneal is concerned, his relation to Rutledge was that of a seller of the liquor. He was in possession of the liquor, he received his price therefor, and he made a delivery of the liquor to Rutledge in exchange for the sum of $4 to him then and there in hand paid. All of the necessary elements of a sale were complete, the ownership and possession of the goods in Darneal, and the delivery of the same to Rutledge in exchange for a sum paid. The criminal statutes of this state, as was said in the case of *Buchanan v. State, supra,* must be liberally construed in order to promote justice and obtain the object for which such statutes were enacted. The seller of whisky or other intoxicating liquors, therefore, will not be permitted in this court, where he is guilty of a separate and distinct offense, such as the sale of intoxicating liquor, to escape punishment for such illegal act because perchance the party purchasing such liquor may thereafter use same unlawfully without the knowledge or consent or assistance of the person from whom such purchase was made. This court will not impute criminality to the seller of liquor for any and all unlawful acts or uses which may be subsequently made by said purchaser without the knowledge,

consent, or assistance of the seller. Therefore, under the facts of this case, it is not necessary to determine whether or not Rutledge is guilty of making a separate and distinct sale to Bryant and the others who delivered money to Rutledge and afterwards received part of this alcohol. The determination of such a question is not essential to a proper solution of this case, because all of the elements of an unlawful sale existed and were concluded between Darneal and Rutledge, and Rutledge's connection with the other parties was absolutely unknown to Darneal. We hold, therefore, that the case of *Buchanan v. State,* relied upon by counsel for plaintiff in error as ground for a reversal of this judgment of conviction, is not in point, nor determinative of the questions involved in this case.

However, it may be advisable to add that any person who receives from another person money, and with that money unlawfully purchases liquor in this state, and thereafter delivers same to the person from whom he received such money, does so at his own peril, and will not be permitted to thus aid and abet in the unlawful traffic in intoxicating liquors, and base his defense solely upon the ground that he received no pecuniary benefit therefrom. For authorities to the effect that all of the facts necessary to constitute an unlawful sale were present in this case, see the following: *Richardson v. Commonwealth,* 11 Ky. Law Rep. 367; *Commonwealth v. Packard,* 71 Mass. (5 Gray) 101; *Loveless v. State,* 40 Tex. Cr. R. 131, 49 S. W. 98; *Wade v. State* (Tex. Crim. App.) 43 S. W. 955; *Cooper v. State,* 37 Ark. 412; *Hatfield v. State,* 9 Ind. App. 296, 36 N. E. 664.

The judgment of conviction is affirmed.

DOYLE, P. J., and ARMSTRONG, J., concur.