**PINKERTON et al. v. TOWNSEND.**

No. 3505.

Court of Civil Appeals of Texas. Beaumont.

Feb. 16, 1939.

Curtis W. Fenley, of Lufkin, for appellants.

W. J. Townsend, Jr., and R. C. Musslewhite, both of Lufkin, for appellee.

WALKER, Chief Justice.

On the 19th day of November, 1938, the Commissioners' Court of Angelina County duly ordered an election to be held in Angelina County on the 3rd day of December, 1938, "to determine whether or not the sale of beer that does not contain alcohol in excess of four per centum by weight shall be prohibited or legalized within said County." The election was held as ordered, and the result duly declared on the 12th day of December, 1938, with the following result: "Against legalizing the sale of beer—2126" votes; "for legalizing the sale of beer—2056" votes. After giving the statutory notice of contest, this suit was duly filed by appellants, J. W. Pinkerton et al., as a contest of the election held in Angelina County on the 3rd day of December, 1938. On trial to the court without a jury, the contest was denied. By their brief appellants present two points: First, that the notices of the election were not duly posted as required

by law and by the election order; the contention is made that at least one of the notices—the court house notice—was posted only five days, when it was essential to the validity of the election that all the notices must have been posted at least six days before the election. Second, the point is made that the wrong ballot was used in the election, that a ballot for "dry" territory was used when the "wet" ballot should have been used.

We pretermit a discussion of appellants' propositions, and affirm the judgment of the lower court on our construction of Sec. 666—40a, Vernon's Penal Code, Acts 1935, 44th Leg., 2d C.S., p. 1795, ch. 467, Art. 1, § 40a, as added Acts 1937, 45th Leg., p. 1053, ch. 448, § 30a, which reads: "At any time within thirty (30) days after the result of any local option election held pursuant to the provisions of the Texas Liquor Control Act has been declared, any qualified voter of the county, justice precinct or incorporated town or city of such county in which such election has been held, may contest the said election in the District Court of the county in which such election has been held, which shall have original and exclusive jurisdiction of all suits to contest such election, and the proceedings in such contest shall be conducted in the same manner, as now govern the contest of any general election, and said court shall have jurisdiction to try and determine all matters connected with said election, including the petition of such election and all proceedings and orders relating thereto, embracing final count and declaration and publication of the result putting local option into effect, and it shall have authority to determine questions relating to the legality and validity of said election, and to determine whether by the action or want of action on the part of the officers to whom was entrusted the control of such election, such a number of legal voters were denied the privilege of voting, as had they been allowed to vote, might have materially changed the result, and if it shall appear from the evidence that such irregularities existed in bringing about said election or in holding same, as to render the true result of the election impossible to be arrived at, or very doubtful of ascertaining, the court shall adjudge such election to be void. * * *"

After hearing the pleadings and the evidence, the court made the following findings on the facts and the law in support of its judgment, bringing this case directly within the provisions of Sec. 40a: "Be it remembered that on this the 31st day of December, A. D. 1938, came on to be heard the above styled and numbered cause wherein J. W. Pinkerton, G. E. Barrington, * * * are contestants and plaintiffs and W. J. Townsend, Jr., County Attorney of Angelina County, Texas, is contestee, * * * the Court finds 'that there was no irregularity in the petition and order for, nor in the publishing or posting of notices for, nor in the holding, canvassing and declaring the result of, the election held on the 3rd day of December, A. D., 1938, in the County of Angelina, State of Texas, to determine whether or not the sale of beer that does not contain alcohol in excess of four (4) percentum by weight, shall be legalized within said County, and that said election so held is duly and legally supported by a proper, legal and lawful petition for such election and all proceedings and orders relating thereto, embracing the final count and declaration and publication of the result putting local option into effect, and that said election so held on the 3rd day of December, A. D., 1938, was legal and valid in all respects, and that there was no action or want of action on the part of the officers to whom was entrusted the control of such election as such a number of legal voters were denied the privilege of voting, as had they been allowed to vote, might have materially changed the result, and that no irregularity existed in bringing about said election nor in the holding of same as to render the true result of the election impossible to be arrived at, or in any manner doubtful of ascertaining, and that the said election has been duly and legally petitioned, and ordered and duly and legally held and the proper issue having been duly submitted thereat, and the result thereof having been duly and legally reported, canvassed, declared and published, showing and evidencing that a majority of the legal votes cast in said election were against legalizing the sale of beer that does not contain alcohol in excess of four (4%) percentum by weight within Angelina County, Texas:"

The provisions of Sec. 40a of Art. No. 666, Vernon's Penal Code, gave the court jurisdiction and power to find, as he did find, that, by the method used in posting the notices and by the form of ballot used, such a number of legal voters were not denied the privilege of voting,

as had they been allowed to vote, might have materially changed the result of the election; and the evidence supports the court's finding on these issues. These findings would support the judgment even if the facts compel the conclusion that the court house notice was not posted for six days, and that the wrong form of ballot was used.

Affirmed.