## SANFORD et al. v. COMMISSIONERS' COURT, GRAYSON COUNTY, et al.

### No. 13412.

Court of Civil Appeals of Texas. Dallas.

April 9, 1943.

A. F. Nossaman, of Sherman, for appellants.

Jesse F. Holt and R. S. Watson, both of Sherman, and Cunningham, Lipscomb & Cole, of Bonham, for appellees.

YOUNG, Justice.

Our opinion of date March 5, dismissing appeal, is withdrawn and, in lieu thereof, an opinion of affirmance is this day filed; subject to motions for rehearing as before.

On the 12th of October, 1942, the Commissioners' Court of Grayson County duly ordered an election to be held on October 24 thereafter, for the purpose of determining whether the sale of beer not exceeding 4 per centum by weight should be prohibited within said County. The election was held as ordered and the result declared on October 29, viz.: For prohibiting the sale of beer—5,617 votes; against prohibiting the sale of beer—3,-329 votes. Appellants' action, challenging the validity of said election in toto, was initiated by petition filed in the District Court November 7, styling themselves Contestants, and naming the County Judge, Commissioners, Clerk and Criminal District Attorney of Grayson County, Contestees. As stated, the petitioners therein sought to have the election declared void on specified grounds; with further prayer for temporary restraining order, which was granted upon bond; the court setting a trial of the cause for November 16,

1942; being also the date for hearing on temporary injunction. Aforesaid injunctive relief restrained the named county officials from enforcing the order of election, or publishing results thereof, pending final trial. Appellees, being duly served with citation and certified copies of contestants' petition on November 9, 1942, joined issue by filing exceptions and answer; and later (November 21), upon full hearing to the merits, appellants' claims were denied.

Contests resulting from any local option election are governed by Sec. 40a, Art. 666, Vernon's Ann.Penal Code, as added to the Texas Liquor Control Act in 1937 by the 45th Leg., p. 1053, Ch. 448, § 30a. Original and exclusive jurisdiction thereof is fixed in the district court of the county, the proceedings to "be conducted in the same manner, as now govern the contest of any general election." Further provisions of the Section (40a) will not be quoted in interest of brevity. Suffice to say, it is in almost the exact language of an amendment to our 1907 local option laws, 30th Leg., 1st Ex.Sess., Ch. 8, p. 447; repealed by state-wide prohibition in 1919, but now re-enacted.

■ The provisions of Ch. 9, Title 50 (Contesting Elections), having been made a part of 40a by reference, it is seen that Art. 3042 requires written notice of intention to contest, and grounds therefor, to be served on the proper officials within thirty days after return day of election; also before filing of suit in the district court. As just stated, the inception of appellants' suit was by filing petition in the office of district clerk, followed by delivery of citation and certified copy of petition to defendants within aforesaid thirty-day period; and appellees suggest want of jurisdiction on part of this Court to entertain the appeal, in that, no notice of contest was ever served on them as required by law; Arts. 3042, 3043, 3044. The method pursued by plaintiffs in initiating their contest has been repeatedly held a sufficient compliance with the statutes; Hewitt v. Mays, Tex.Civ.App., 253 S.W. 610; Hill v. Ramsower, Tex.Civ.App., 258 S.W. 495, and authorities there cited.

However, on the merits, we conclude that the election in question was validly held. The substance of appellants' grounds of appeal are: (1) The County Clerk of Grayson County did not post or cause to be posted at least one copy of the election order for six days prior to the election in each voting precinct; (2) the notice that was in fact posted was signed by the clerk, hence insufficient, as the law required a copy of the order calling the election to be posted; (3) the form of ballot ordered by the Commissioners' Court was fatally defective, in this: Justice precincts 3 to 8, inclusive, of the County were already dry areas, and precincts 1 and 2 only were wet as to the sale of beer; hence the character of ballot in the six dry precincts should have been directed to legalizing the sale of beer therein; and the ballots prohibiting such beverage limited to voters of wet precincts 1 and 2.

Record facts, mostly stipulated, disclose that all notices posted in the several voting precincts were signed by the county clerk and thereby were not true copies of the Commissioners' Court order calling the election; that no notice was posted in four precincts, viz.: Jamison, Ida, Cherry Mound and Plainview, the total vote in such boxes being 131 dry and 28 wet. There were 62 voting precincts in the County, with general knowledge on the part of all voters as to the issue submitted and the time and places of holding the election. It was further agreed that justice precincts 3 to 8, inclusive, had, by lawful elections prior to the year 1942, prohibited the sale of beer; and that at time of trial, justice precincts 1 and 2 were the only beer areas in Grayson County. The form of ballot ordered by the Commissioners' Court and used in all voting boxes, reads: "FOR prohibiting the sale of beer containing alcohol not exceeding four (4%) per centum by weight, in Grayson County, Texas. AGAINST prohibiting the sale of beer containing alcohol not exceeding four (4%) per centum by weight, in Grayson County, Texas."

■ These questions were in terms of the statute (666—40(i), Vernon's Ann.P. C.) and fairly embraced the issue before the Grayson County electorate as a whole. A county-wide expression of the voters was here being sought. Such area or political unit had not previously voted "dry," hence the wet form of ballot was proper; Art. 666—23, Vernon's Ann.P.C.; Sanders v. State, 143 Tex.Cr.R. 216, 157 S. W.2d 910; Akers v. Remington, Tex.Civ. App., 115 S.W.2d 714. Appellants insist that only voters of precincts 1 and 2 were

qualified to use the particular form of ballot. Even so, the result would not have been affected, for the combined vote of these boxes shows a dry majority of 310.

■ Invalidity of election notice is urged because not a literal copy of the order of election. Prefatory recitals of the posted notice are: "Pursuant to an order issued by the Commissioners' Court of Grayson County, Texas, dated the 12th of October, A. D. 1942, notice is hereby given that an election will be held on the 24th day of October, A. D. 1942, in Election Precinct Nos. attached hereto and made a part hereof, in the County of Grayson, State of Texas, which order is as follows:" Then follows in substance the order of election, though not an exact copy thereof. It is not contended that any voter was confused or prejudiced by want of statutory notice; or that the irregularity in anywise affected the result; and stipulated facts are that general publicity was given in each locality, aside from posting. The Waco Court, in Powell v. Bond, Tex.Civ.App., 150 S.W.2d 337, 339, passing upon a like proposition, held: "The variance shown in the order of election and the notice is, in our opinion, trivial, and could not have misled the voters. In fact, contestant does not claim that it did so. We think the order of election and the notice thereof substantially complied with the provisions of the statute (Art. 666—35, Vernon's Annotated Penal Code) controlling same." See, also, Fowler v. State, 68 Tex. 30, 3 S.W. 255.

Judgment denying the contest involved findings by the court (of fact and of law), viz.: " * * * that the election held in Grayson County, Texas, on the 24th day of October, 1942, was legally and validly held in accordance with an order of the Commissioners' Court of Grayson County, Texas, made and entered on the 12th day of October, 1942, and that the results as declared by the Commissioners' Court of Grayson County, Texas, on October 29, 1942, of 5617 votes for prohibiting the sale of beer containing alcohol not exceeding four per centum by weight and 3329 votes cast against prohibiting the sale of beer containing alcohol not exceeding four per centum by weight, were legally and correctly declared, and the order absolutely prohibiting the sale of such liquor in Grayson County, Texas, after thirty (30) days from the date of the declaring of the results of said election was

valid and properly passed; that the said Commissioners' Court and County Judge have duly caused to be published such order; that the officers to whom are entrusted the control of such election caused said election to be had and conducted in such a manner that no legal voter was denied the privilege of voting; that the County Clerk of Grayson County did not post or cause to be posted a notice of said election for at least six days prior to said election in four voting precincts, to-wit: No. 36 (Jamison) No. 41 (Ida) No. 44 (Cherry Mound), and No. 50 (Plainview) that there were no irregularities in bringing about said election or in holding the same as to render the true results of said election impossible to be arrived at or doubtful or ascertaining the results of said election, and that nothing transpired which would materially change the results of said election, and that said election should be declared to be valid." (Italics ours).

■■ Section 40a, made a part of the Texas Liquor Control Act, and effective since September 1, 1937, materially increased the jurisdiction of the district court in local option contests. Such court is thereby authorized to determine from the particular facts "all matters connected with said election, including the petition of such election and all proceedings and orders relating thereto, embracing final count and declaration and publication of the result putting local option into effect, and it shall have authority to determine questions relating to the legality and validity of said election, and to determine whether by the action or want of action on the part of the officers to whom was entrusted the control of such election, such a number of legal voters were denied the privilege of voting, as had they been allowed to vote, might have materially changed the result, and if it shall appear from the evidence that such irregularities existed in bringing about said election or in holding same, as to render the true result of the election impossible to be arrived at, or very doubtful of ascertaining, the court shall adjudge such election to be void * * *." Plainly, the foregoing test must be applied to any charge of irregularity arising under 666—40a, P.C. (Contest of elections); and upon sufficient facts, the trial court has found that contestants have failed to satisfy the burden of proof imposed by existing law; Powell v. Bond, supra. The following excerpt from Pinker-

ton v. Townsend, Tex.Civ.App., 125 S. W.2d 391, 392, is directly in point: "The provisions of Sec. 40a of Art. No. 666, Vernon's Penal Code, gave the court jurisdiction and power to find, as he did find, that, by the method used in posting the notices and by the form of ballot used, such a number of legal voters were not denied the privilege of voting, as had they been allowed to vote, might have materially changed the result of the election; and the evidence supports the court's finding on these issues. These findings would support the judgment even if the facts compel the conclusion that the court house notice was not posted for six days, and that the wrong form of ballot was used."

We are aware of appellate holdings (prior to enactment of 40a), the effect of which would appear to render void the instant proceedings by reason of defects in pre-election requirements already pointed out. Some of these adverse cases antedating the present law are: Ex parte Conley, Tex.Cr.App., 75 S.W. 301; Countz v. Mitchell, 120 Tex. 324, 38 S.W.2d 770; Cunningham v. State, 119 Tex.Cr.R. 572, 44 S.W.2d 739; Coffee, County Attorney, v. Lieb, Tex.Civ.App., 107 S.W.2d 406. The Legislature is presumed to have been familiar with the decisions just cited and Art. 666—40a, Vernon's Ann.P.C., was doubtless enacted to establish a more liberal rule.

As above indicated, the judgment of the trial court will be affirmed.

Affirmed.