**HUTSON v. SMITH et al.**

No. 11757.

Court of Civil Appeals of Texas.   Galveston.

Dec. 13, 1945.

Rehearing Denied Jan. 3, 1946.

Musslewhite & Fenley, of Lufkin, for appellant.

Collins, Dies, Williams & Garrison, of Lufkin, for appellees.

CODY, Justice.

This is a proceeding to contest a local option election which was held June 9, 1945. The original petition of contest was filed in the district court of Trinity County on June 27, 1945, by Walter Smith and others as contestants; and the County Attorney of Trinity County as contestee.

The original petition of contestants urged fourteen grounds for contesting the validity of the election, and on September 10th contestants filed a trial amendment urging three additional grounds. The grounds of the contest ranged from the allegation that the order of the Commissioners' Court for the election to be held was void because it failed to comply with Section 40, Art. 666, Vernon's Ann.P.C. (Texas Liquor Control Act), in that said order failed to submit clearly and fully any issue authorized by law to be voted on by the voters of a county, in a local option election, which was the first ground alleged in contestants' original petition, to the allegation that the Commissioners' Court was without jurisdiction to order said election because the petition, upon which said order was predicated, was itself insufficient to invoke the jurisdiction of the Commissioners' Court to issue said order, because said petition was allegedly not serially numbered as required by Section 32, Art. 666, P.C., which was the last of three grounds set up and urged in contestants' trial amendment.

The answer of the contestee contained among other things a plea of general denial, and a plea that the matters urged in the trial amendment were urged for the first time more than 30 days after the result of the election had been declared, and so were urged too late—i. e., the contestee urged a plea in the nature of a plea of limitation against grounds of contest set up in the trial amendment.

The trial was to the court without a jury, and began on September 10th and concluded the following day. The court rendered judgment that the election was void; also the court declined to order another election. The contestee duly gave notice of appeal, and in response to contestee's request the court filed conclusions of fact and law on September 20th. Four days later contestee presented his objections and exceptions to the aforesaid conclusions of fact and law, which were overruled. The contestee then presented his request for additional conclusions, which the court did not comply with.

The court's findings of fact were substantially these:

1. That the petition presented to the Commissioners' Court to call said election did not comply with Section 32, and was therefore insufficient to confer jurisdiction on the Commissioners' Court to call said local option. election.

2. That said petition did not comply with Section 32, in that it did not clearly state the issue or issues to be voted upon, and in that it was not serially numbered, and so was not in strict compliance with the statutes governing same.

3. That the provision of Section 32 that "the petition so issued shall clearly state the issue or issues to be voted upon in such election" is mandatory, and said issue must be stated in the petition in the statutory language as set forth in Section 40.

4. That the order of the Commissioners' Court calling the election did not comply with Section 33, in that it failed to state the issue or issues as specifically required by Section 33.

5. That the issue or issues specified in Section 33 means the issue or issues as specifically set forth in Section 40, and the order calling the election does not strictly comply with Sections 33 and 40. The evidence in this case consisted wholly of stipulations of counsel, documents relating to the election, and the testimony of the County Clerk of Trinity County, Mrs. Hazel Ross. There is no contention that there is any dispute in the evidence.

The findings embraced in the Court's "Findings of Fact", being in effect that the petition to the Commissioners' Court to order a local option election, and said order calling such election, did not conform to statutory requirement, are in reality conclusions of law. The Court's "Findings of Fact" arc further not binding on contestee on appeal because he seasonably objected and excepted to them.

The nature of the points upon which contestee predicates his appeal sufficiently appears below.

## Opinion

■ As indicated above, contestants' trial amendment was filed more than thirty days after the result of the local option contest had been declared. Had it constituted the original petition of contest, instead of a trial amendment, it would have been filed too late. Art. 666—40a, P.C. But the original petition was filed within the required thirty days. Art. 666—40a, P.C., further provides that a local option contest proceedings shall be conducted in the same manner as a general election contest. Pleadings in a general election contest are amendable, R.C.S. Art. 3047. The trial amendment did not set up a new or different cause of action from that set up in the original petition, which, among other things, alleged that the order for the election was not statutory, so void. The trial amendment alleged substantially that the petition for the election was not statutory, and so was insufficient to invoke the jurisdiction of the Commissioners' Court to order the election. The trial amendment thus set up but another ground as invalidating the order for the election. In no event can it be said that the matters urged in the trial amendment are wholly based upon or grow out of a new distinct or different transaction or occurrence. R.C.S. Art. 5539b. Contestee's points urging that the court erred in overruling his plea, in the nature of a plea of limitation to the trial amendment, are overruled.

It was the theory of contestants below and it is their theory here, that the petition to the Commissioners' Court did not comply with the requirements of Art. 666—32, P.C., and therefore was insufficient to invoke the jurisdiction of, or to clothe with jurisdiction, the Commissioners' Court to call the local option election. The Court found that the petition was fa-tally defective in (1) that it did not clearly state the issue or issues to be voted on and in (2) that it was not serially numbered, as required by the terms of Art. 666—32, P.C.

Only the Commissioners' Court has power or jurisdiction to call a local option contest. Art. 666—32, P.C. This it may do on its own motion, and must do on a proper petition of the qualified voters of the area to be affected. Arts. 666—32, 666—40, P.C. We believe the sufficiency of a petition to invoke the jurisdiction of the Commissioners' Court to call a local option contest has only been passed on in Texas, in the case of Canales v. Mullen, County Attorney, Tex.Civ.App., 185 S.W. 420. The petition there related to an election which was called in Jim Wells County for sometime in November 1915. At that time, the only requirement relating to the petition, which was specified in what is now Art. 666—32, P.C., was that the petition must be signed by 250 qualified voters. In the petition of contest it was alleged that the Commissioners' Court did not order the election because it deemed it expedient, but ordered it because a petition so to do was presented to that court signed by 250 purportedly qualified voters, and it was further alleged that 69 of the signers were not qualified voters, and that consequently (it was alleged) the order for the election, and the election, was void. The contestee filed a general demurrer which was sustained. The effect of filing the demurrer was to admit that the Commissioners' Court ordered the election because it had by laws to do so, believing that the fraudulent petition which deceived the court had been signed by the necessary number of qualified voters. Said the court in its opinion at pages 422, 423 of 185 S.W.:

"If the commissioners' court ordered the election because of a voters' petition then that petition for a prohibition election signed by the requisite number of qualified voters of the county is essential to establish the fact that the commissioners' court was legally invested with jurisdiction to order the election in the premises. This jurisdiction could be acquired by the petition only in the event it was in compliance with the statutory requirements, among which was that it should be the petition of 250 qualified voters.

"In a contest of the election it is the right of the contestee and the duty of the

district court to inquire into the voting qualifications of the signers of the petition for the local option election when contestants make the qualifications of the signers an issue by proper pleadings."

The case just quoted from comprehensively reviews the legislative history of local option election laws. We think the holding does not reach to the extent which contestants contend. The pleadings in the case established as facts there that the election was ordered, not because the Commissioners' Court deemed it advisable to order the same, but upon the petitioners' petition which constituted a fraud upon said court. Had the Commissioners' Court found that the petition did not have the requisite number of qualified voters' signatures, and, with full awareness of such defect, proceeded to order the election, a different question would have been presented.

Now proceeding to examine the court's "Findings of Fact" to the effect that the petition to the Commissioners' Court did not state clearly the issue or issues to be voted on in the desired election, we believe the court erred in so holding. Art. 666—32, P.C., as amended in 1943, Vernon's Ann.P.C. art. 666—32, provides: "The petition * * * shall clearly state the issue or issues to be voted upon in such election; each such petition shall show the date of its issue by the county clerk and shall be serially numbered, and each page of such petition shall bear the same date and serial number, and shall bear the seal of the county clerk. The county clerk shall deliver as many copies of said petition as may be required by the applicant and each copy shall bear the date, number and seal on each page as required in the original. The county clerk shall keep a copy of each such petition and a record of the applicants therefor."

The County Clerk issued the petition in the form of seventeen copies, or originals, according as the interpretation to be placed on what was issued may be. That is to say, if we consider the petition to be an ideal thing apart from the written instruments which evidenced it, then there was no original, and all were copies. In any case each copy which was issued by the County Clerk had the same legal effect and status and operated in every respect as every other copy, and, except upon an arbitrary basis, each copy was entitled to be considered as an original. Certainly from the standpoint of evidence, each copy was entitled to be considered an original, and as such admissible in evidence. We here copy the sixteenth copy of the petition, certain portions of which we have italicized:

"The State of Texas ⎱
County of Trinity ⎰
In the County Court of
Trinity County, Texas
March 1, 1945.

"Upon the written application of C. B. McClain, L. W. Burr, L. P. Atmas and W. Hooks for a petition to be circulated among the qualified voters of Trinity County, Texas, for the signatures of those qualified voters in said Trinity County, *who desire that a local option election be called therein for the purpose of determining whether the sale of all alcoholic beverages shall be prohibited in Trinity County, Texas,* which said application was filed with me as such County Clerk of Trinity County, Texas on March 1, 1945, I, Hazel Ross, County Clerk in and for Trinity County, Texas, do hereby issue to the said applicants the following petition to-wit:

"March 1, 1945
"To the Honorable Commissioners Court of Trinity County, Texas

"We, the undersigned qualified voters of Trinity County, Texas do hereby respectfully *petition the Commissioners Court of Trinity County, Texas to order an election to be held by the qualified voters of said County to determine whether or not the sale of all alcoholic beverages shall be prohibited in Trinity County, Texas.*
"Name                Address
(Here followed six signatures and addresses)
"No. 16        March 1, 1945        Page No. 1
"Hazel Ross, County Clerk, Trinity County, Texas.
"/s/        Hazel Ross
"County Clerk, Trinity County, Texas.
(Additional twenty three signatures and addresses)
"No. 16        March 1, 1945        Page No. 2
"Hazel Ross, County Clerk, Trinity County, Texas.
"/s/        Hazel Ross
"County Clerk, Trinity County, Texas.

(Additional twenty-three signatures and addresses)

"No. 16        March 1, 1945        Page No. 3

"Hazel Ross, County Clerk Trinity County, Texas.

"(Seal)

"/s/    Hazel Ross

"County Clerk, Trinity County, Texas.

(Additional twenty-three signatures and addresses)

"No. 16        March 1, 1945        Page No. 4

"Hazel Ross, County Clerk, Trinity County, Texas.

"(Seal)

"/s/    Hazel Ross

"Co. Clerk, Trinity Co. Texas".

The other copies were, of course, the same, except that the first copy issued bore the numeral one and "No. 1" is made to appear where "No. 16" appears in the above copy, and so on. The number of signers and pages differed in the various copies.

It will be noted that the petition specified but a single issue to be voted on in the election petitioned for. The issue petitioned to be submitted was not framed in the language of Art. 666—40, P.C., which specifies the issue or issues to be submitted in local option elections. In this connection it is to be noted that there is no complaint made that the issue voted on in the election was not actually framed and submitted in the statutory language of Section 40, but contestants urge, and the Court found that the issue was not stated clearly in the petition because it was contended that to be clearly stated as required by Section 32, the issue or issues must be stated in the language of Section 40 appropriate to such issue or issues. We do not understand that contestants contend that the issue was not in fact stated so clearly in the petition as to defy misunderstanding.

■ Section 32 does not require that the issue or issues to be voted on be stated in any particular language, statutory or otherwise. By providing that the issue or issues shall be stated in the petition clearly, the Legislature authorized some latitude of statement, a latitude of statement limited only by the requirement that the issue or issues be *clearly* stated. The court erred in the "Finding of Facts" in finding that the issue was not stated "clearly" within the contemplation of law because not stated in the language of one of the issues set out in Art. 666—40, P.C., and by finding the petition therefore a nullity and insufficient to clothe the Commissioners' Court with authority or jurisdiction to call the election, and that consequently the order for the election was void, as well as the election held in response to said order.

■ As indicated above, the relevant portion of Art. 666—32, P.C., was inserted by amendment in 1943, and has not heretofore been construed. The County Clerk, in the performance of her duties and in administration of said provision, issued copies of the petition which were drawn, numbered and sealed in the manner indicated by the above copy thereof. We find the provision, requiring the petition to be serially numbered, difficult to construe. The clerk evidently construed it to mean that each copy of the petition was, in law, an original, duplicate original, triplicate original, etc. At least she applied the provision on that basis in serially numbering the copies. For every purpose of law, unless for the purpose of enumeration, such construction was correct. If the petition had been printed, it would be difficult to say which copy was the original. Would it have been the first impression? The English word series is a transliteration of the Latin word series, meaning "series, row, or chain". Series is defined: "A number or set of material things of one kind ranged in a line, either contiguously or at more or less regular intervals;—Also, a set of objects of one kind, differing progressively in size or in some other respect, or having a recognized order of enumeration". Ox.Eng. Dict. Serial means "belonging to, forming part of or consisting of a series; taking place or occurring in regular succession". Id. The only thing capable of being serially numbered in connection with said petition were the copies of it. This, because there was only one petition, considered as an ideal thing apart from the copies which evidenced it, and which were signed. There may be other elections at other times based on other petitions, but each such election will be an independent thing, and does not form a series in any ordinary sense of the word. We cannot say that the administrative construction by the County Clerk was wrong.

But whether right or wrong, if the petition was defective in respect to being properly serially numbered, we do not be-

lieve that the petition was thereby rendered a nullity. The first copy issued bore the number 1. If other copies issued were defective because they bore numbers 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16 and 17, respectively, such defect was apparent upon their face. The Commissioners' Court with full knowledge of everything shown by the face of the petition ordered the election. This is a different situation from that which was presented in the case of Canales v. Mullens, County Attorney, supra. There the petition was fair on its face. In that case, whether the requisite number of petitioners had signed the petition was a question of law, and also a question of fact. By counting the signatures the court could determine whether in point of law the petition *upon its face* invested the court with (not with the power or jurisdiction to order an election. That the Commissioners' Court had by law) the duty to order an election. It appeared in that case that the court would not have exercised its jurisdiction to call the election except for the underhanded trick and fraud; a defect which *was not apparent upon the face of said petition.*

Here the Commissioners' Court, in the exercise of its duty, found that the petition complied with the statutory requirements. The petitioners who signed the various copies of the petition were qualified voters, and entitled to have the election called. If the petition was defective, it was defective as to form only, and such defect was shown upon its face. The Commissioners' Court had jurisdiction to determine whether such petition was a proper one to impose upon it the duty of calling the election. Said Court affirmatively found that the petition was issued "as required by Article 666—32 of the Penal Code of Texas". It was within the jurisdiction of the Commissioners' Court to determine whether the petition was a proper one under the statute, and, of course, it was within its power to err. Had the Commissioners' Court found that the petition was defective in that it was not serially numbered, and had the petitioners applied to the district court for a mandamus to compel the issuance of an order for an election, a different question would be presented. In any case we hold that the defect in the petition, if it was a defect, did not render the petition a nullity, and that the court had jurisdiction to consider said petition, and it was its duty to do so, and said court had the capacity to determine erroneously as well as correctly whether the petition was defective as to form. Since the Commissioners'. Court had jurisdiction to order the election, and did order the election after affirmatively finding that the petition conformed to the statutory requirements as to form, we believe that, if the petition was defective as to form (that is, as to being correctly numbered serially), that it was sufficient to invoke said Commissioners' Court's jurisdiction in the premises.

It is not every irregularity that exists in bringing about a local option election which will void it. Art. 666—40a, P.C., Sanford v. Commissioners' Court, Grayson County, Tex.Civ.App., 170 S.W. 2d 846; Pinkerton v. Townsend, Tex.Civ. App., 125 S.W.2d 391. In Crawford v. Maples, 134 Tex.Cr.R. 339, 114 S.W.2d 696, we held that said Section 40a was lifted bodily from the act of 1907, and that we are bound by the construction made by the courts thereof, when it was formerly in force. We adhere to that holding. But Section 32, as amended in 1943, is in pari materia with Section 40a of said Liquor Control Act. And we have concluded that the mandatory language used in Section 32 with reference to numbering the petition serially must be construed in the light of Section 40a. Failure to number the petition serially, if it was not numbered serially, was a mere irregularity which occurred prior to the election and could have had no effect on its outcome. Such numbering merely related to the record, and not to the election. The system of enumeration used by the County Clerk served every purpose that the Legislature could have had in mind in enacting the provision. Indeed her system went further. While it did not number each copy "No. 1", it gave each copy, in serial order, a distinctive and identifying number. We are constrained to hold that the court erred in holding that the Commissioners' Court did not have jurisdiction to order the election because the petition upon which it was based did not state clearly the issue to be voted on in the election and because it was not serially numbered. The court had jurisdiction independent of the petition to order the election and with full knowledge of defects apparent upon the face thereof, therefore, its order for the election constituted a waiver of ap-

parent defects in the petition. And we sustain contestee's points complaining of such action of the trial court as being error.

The trial court further found, in his "Finding of Fact", that the Commissioners' Court's order calling the election did not comply with Art. 666—33, P.C., because it failed to state the issue to be voted on as is specifically required by Section 33, and that the issue or issues referred to in Section 33 means the issue or issues as specifically set forth in Art. 666—40, P.C.

Said Section 33 was also amended in 1943, Vernon's Ann.P.C. art. 666—33. Before the amendment it read in part "and the said order thus made (by the Commissioners' Court) shall express the object of such election." As amended the section reads in its corresponding part "and the order thus made shall state the issue * * * to be voted upon in such election." There is no qualification here to the effect that the order shall "clearly" state the issue or issues to be voted on.

■ Prior to the amendment it would have been competent for the Commissioners' Court to have stated the object of the election by stating in any language, which was not mistakable, the issue or issues to be voted on. But the Legislature, in the enactment of a penal statute has seen fit to tighten up the requirements as to the content of the order. What the Legislature has seen fit to make mandatory, in a penal statute, if not complied with cannot by construction be softened down to a mere technicality. Moyer v. Kelley, Tex.Civ.App., 93 S.W.2d 502, Flowers v. Shearer, Tex.Civ.App., 107 S.W.2d 1049, and see Blount v. McMillin, Tex.Civ.App., 139 S.W.2d 893; Jones v. Threet, Tex.Civ. App., 117 S.W.2d 560. We make this distinction between the requirements relative to the mandatory provision that the petition shall be serially numbered and the mandatory provision that the order shall state that the issue or issues to be voted on in the election. The petition is addressed to the Commissioners' Court, and if with full knowledge it sees fit to order an election, which it had the jurisdiction to order at all events, no one else can question the sufficiency of the petition to support an order which the court could have made in the absence of a petition. In other words, a Commissioners' Court can treat any petition as sufficient having full knowledge of all facts.

■ But the Commissioners' Court must itself issue the order for a local option election in the manner and form which the Legislature has made mandatory. There is no need for us here to set the order out. Its object was unmistakable. Furthermore its object was not mistaken. The issue which was submitted in the election was submitted in statutory form. There is no hint in the record that the defective order had any effect upon the result of the election. But we are constrained to hold that the order did not comply with the statute, that the statute was mandatory, that consequently the order was void, and that the election held in response to a void order was itself void.

We overrule contestee's points assigning as reversible error the trial court's action in finding the order void and adjudging the election void.

■ We sustain contestee's eighteenth point complaining of the court's refusal to order the Commissioners' Court to call another election. The trial court has the jurisdiction, under Art. 666—40a, where it appears from the evidence that such irregularities existed in bringing about the election as to render the true result of the election impossible to be arrived at to declare the election void and he must do so. There can be no true result in an invalid election. But said section also provides and directs that the proper officer shall be ordered to order another election to be held.

The Commissioners' Court here exercised its jurisdiction to order an election. An election was held and the result was that by a majority vote it was shown that the voters of Trinity County desired that the sale of alcoholic beverages be prohibited in Trinity County. Because of the rigid requirements of a penal law, the will of the majority determined at an election which has to be held void cannot prevail. But the law itself provides for ordering a new election in such case.

Under our holding the court should have ordered the Commissioners' Court to properly order a new election. For said error the judgment of the trial court is reversed to the extent, and only to the extent that it failed to order the Commissioners' Court to order a new election.

The judgment holding the election void is affirmed, but the cause is remanded with instructions to the trial court to order the Commissioners' Court to issue a new and proper order stating the issue to be voted upon in such election. If, as we understand from the record in this case (though it is not so stated on the record), Trinity County is an area where the sale of all alcoholic beverages has heretofore been legalized, the order of the Commissioners' Court shall state the issue to be voted on as "For prohibiting the sale of all alcoholic beverages", and "Against prohibiting the sale of all alcoholic beverages".

Judgment reversed and remanded with instructions as per opinion.