

THE ATTORNEY GENERAL

OF TEXAS

AUSTIN 11, TEXAS

WAGGONER CARR
ATTORNEY GENERAL

October 15, 1964



Affirmed by C-681

Honorable Charles A. Allen
Criminal District Attorney
Marshall, Texas

Opinion No. C-332

Re: Construction of Article
666-32, Vernon's Penal Code.

Dear Mr. Allen:

In your request for an opinion, you ask whether the language of Article 666-32, which prescribes the form of the petition in a local option election, is mandatory or directory. That provision reads:

"The petition for a local option election seeking to legalize the sale of alcoholic beverages of one or more of the various types and alcoholic contents shall be headed 'Petition for Local Option Election to Legalize,' and shall contain a statement just ahead of the signatures of the petitioners, as follows: 'It is the hope, purpose and intent of the petitioners whose signatures appear hereon to see legalized the sale of alcoholic beverages referred to in the issue set out above.'" (Emphasis supplied)

You state in your request that of the 140 petitions submitted to the Commissioner's Court for action thereon, 50 of them were merely headed "Petition for Local Option Election," and did not contain the exact wording of the above provision. You state further that the other 90 petitions contained the express wording of the statute. The ultimate question, then, is whether or not 50 petitions will have to be thrown out for the reason that they are not in strict compliance with the statute.

Ordinarily, when the word "shall" is used, the presumption is that it is in the imperative, and not in the directory sense. McLaren v. State, 82 Tex.Crim. 449, 199 S.W. 811 (1917). When there is room for construction, mandatory or permissive words are to be given the meaning that will best express legislative intent. 53 Tex.Jur.2d, 29, Statutes, Sec. 16.

Prior to 1963, the statutory requisites for a local option petition under Article 666-32 were:

". . . The petition so issued shall clearly state the issue to be voted upon in such election, which shall be the same issue as that set out in the application; . . ."

Under this provision it was not required that the issue be stated in any particular language, statutory or otherwise. The Legislature authorized some latitude of statement, limited only by the requirement that the issue be clearly stated. See Hutson v. Smith, 191 S.W.2d 779 (Tex.Civ.App. 1945).

In 1963, however, the Legislature amended the statute by stating the exact language to be used on a local option petition (Article 666-32, above quoted). We feel that by so doing, the Legislature intended to eliminate the latitude allowed under the prior law.

In light of the foregoing, we hold that the language in paragraph 5, Section 32 of Article 666 is mandatory. To hold otherwise would be to hold the 1963 amendment to Article 666-32 of no consequence.

## SUMMARY

The language of Article 666-32, Vernon's Penal Code, which prescribes the form of a petition for a local option election, is mandatory, not directory.

Respectfully submitted,

WAGGONER CARR
Attorney General of Texas

By: BRADY S. COLEMAN
Assistant Attorney General

BSC/lh

APPROVED:
OPINION COMMITTEE
W. V. Geppert, Chairman
Howard Fender
Mary K. Wall
John Reeves
George Black

APPROVED FOR THE ATTORNEY GENERAL
BY: Roger Tyler