

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

WAGGONER CARR
ATTORNEY GENERAL

May 7, 1964

Mr. Dan Brazil
County Attorney
Angelina County
Lufkin, Texas

Opinion No. C-255

Re: Sufficiency of applications
for a local option election
and related question.

Dear Mr. Brazil:

In your letter, you asked two questions with regard to the construction of Article 666, Section 32, Vernon's Penal Code in anticipation of a local option election.

In your first question you asked which application should the County Clerk use in making out the petitions for a local option election, when two applications have been filed on different dates.

The pertinent part of Article 666, Section 32, Vernon's Penal Code reads as follows:

"Upon the written application of any ten (10) or more qualified voters of any county, justice's precinct, or incorporated city or town, the County Clerk of such county shall issue to the qualified voters thereof for the signatures of those qualified voters in such area who desire that a local option election be called therein for the purpose of determining whether the sale of alcoholic beverages of one or more of the various types and alcoholic contents shall be prohibited or legalized within the prescribed limits of such county, justice's precinct, or incorporated city or town.

"An application for a petition seeking an election to legalize the sale of alcoholic beverages of one or more of the various types and alcoholic contents shall be headed 'Application for Local Option Election Petition to Legalize,' and shall contain a statement just ahead of the signatures of the applicants, as follows: 'It is the hope, purpose and intent of the applicants whose signatures appear hereon to see legalized the sale of alcoholic beverages referred to in the issue set out above.' . . .

"An application for a petition seeking an election to prohibit the sale of alcoholic beverages of one or more of the various types and alcoholic contents shall be headed 'Application for Local Option Election Petition to Prohibit,' and shall contain a statement just ahead of the signatures of the applicants, as follows: 'It is the hope, purpose and intent of the applicants whose signatures appear hereon to see prohibited the sale of alcoholic beverages referred to in the issue set out above.' . . ."

There is no language in the above statute or in the Liquor Control Act prohibiting more than one application for a petition for a local option election. If both applications are in substantial compliance with the above statute regarding form and requisite signatures, then this office is of the opinion that either or both of the applications may be used.

If the first application is in error (as you indicate in your letter) to such a degree that it does not comply with the statute, then the County Clerk may not issue a petition upon said application. If the second application is correct in form (as you also so indicate), then the County Clerk must issue a petition upon it.

In your second question, you state that the applicants have requested that the Clerk issue 60 petitions. You go on to ask whether these petitions should be numbered 1 through 60 or should all bear the number 1.

The pertinent part of the statute reads as follows:

"Each such petition shall show the date of its issue by the County Clerk and shall be serially numbered, and each page of such petition shall bear the same date and serial number, and shall bear the seal of the County Clerk." (Emphasis Supplied)

In a similar question presented in Hutson v. Smith, 191 S.W.2d 779 (Tex.Civ.App. 1946) the court stated:

"The County Clerk issued the petitions in the form of seventeen copies, or originals, according as the interpretation to be placed on what was issued may be. That is to say, if we consider the petition to be an ideal thing apart from the written instruments which evidenced it, then there was no original, and all were copies. In any case each copy which was issued by the County Clerk has the same legal effect and status and operated in every respect as every other

Mr. Dan Brazil, Page 3 (Opinion No. C-255)

> copy, and, except upon an arbitrary basis, each
> copy was entitled to be considered as an ori-
> ginal.
>
> " . . .
>
> "Serial means 'belonging to, forming part
> of or consisting of a series; taking place or
> occuring in regular succession.' Ox.Eng.Dict."

The Court went on to conclude in that case that under the Liquor Control Act requiring petition for local option election to be serially numbered, a County Clerk's administrative construction of requirement to mean that each copy of petition was in law an original, duplicate original, triplicate original, etc., and applying provision on that basis in serially numbering the copies, was correct.

Under the above authorities, therefore, this office holds that the County Clerk may correctly number the petitions 1 through 60.

### SUMMARY

1. Either or both of two applications presented for a petition for a local option election may be used if in conformity with the statutory requisites.

2. Where applicants for a petition for a local option election request 60 petitions for circulation, they may be numbered 1 through 60.

Respectfully submitted,

WAGGONER CARR
Attorney General of Texas

By: _Brady Coleman_
BRADY S. COLEMAN
Assistant Attorney General

BSC/ls

Mr. Dan Brazil, Page 4 (Opinion No. C-255)

APPROVED:

OPINION COMMITTEE

W. V. Geppert, Chairman
Robert T. Davis
Robert Smith
John Reeves
Linward Shivers

APPROVED FOR THE ATTORNEY GENERAL
BY:  Stanton Stone