George McCASLAND et al., Appellants,

v.

Mrs. W. Kirke STEELE et al., Appellees.

No. 5250.

Court of Civil Appeals of Texas, Waco.

June 7, 1973.

Mays, Jacobs & Pevehouse, Corsicana, for appellants.

Dawson, Dawson & Smith, Corsicana, for appellees.

## OPINION

JAMES, Justice.

This is an election contest case involving a local option election. The sole question before us is whether notice of intention to contest the local option election was given the District Attorney of Navarro County as Contestee within the requirements of Article 9.03 of the Election Code, V.A. T.S. We hold that such notice of intention to contest the election was given the Contestee in compliance with Article 9.03 and in accordance therewith affirm the trial court's judgment.

On July 8, 1972, the town of Angus, Texas, in Navarro County, was incorporated by an election called for that purpose. Then on October 28, 1972, about three months and twenty-two days after incorporation, a local option election was held in the town of Angus to determine if the town should remain dry or the sale of beer and wine for off-premises consumption should be permitted. The Commissioners Court of Navarro County canvassed the election returns on November 3, 1972, and declared that 73 votes were cast for the sale of beer and wine, and 70 votes against.

The Appellees Mrs. W. Kirke Steele, et al., as Contestants, filed their petition which was labelled, "Contestants' Notice of Election Contest" with the District Clerk of Navarro County on November 22, 1972, caused a regular citation to be issued directed to "District Attorney of Navarro

County, Texas, Contestee", together with a copy of Contestants' Petition attached thereto, and said citation with said petition attached was duly served by a deputy sheriff of Navarro County upon the District Attorney on the same day the petition was filed, that is, on November 22, 1972.

Then on the same day the suit was filed, the attorney for Contestants mailed a letter to the District Attorney by certified mail, return receipt requested, enclosing a copy of the petition, which was shown to be received by the District Attorney two days later, that is, on November 24, 1972.

The petition is a suit against the District Attorney in his official capacity as Contestee, and in paragraph I it is alleged: "This is a notice and petition to contest the local option election held in the incorporated town of Angus, Navarro County, Texas, on October 28, 1972, (and) is hereby filed within the time allowed by law for contesting such election." Then the petition alleges and sets out several different grounds upon which the election contest is based.

The District Attorney filed his "Contestee's Original Answer", in the form of a general denial, on November 28, 1972.

Thereafter, Appellants McCasland, et al., who were either holders of permits to sell beer in Angus or had applications pending therefor, filed an Intervention seeking to uphold the election.

Appellants filed a Motion for Summary Judgment based upon the failure of Appellees (Contestants) to give notice of intention to contest the election to the District Attorney as Contestee in accordance with Article 9.03 of the Election Code, asserting that the trial court thereby lacked jurisdiction to hear the election contest.

Appellees filed a Motion for Summary Judgment upon the ground that wine is a "liquor", and that under the provisions of Article 666–40b of the Penal Code of Texas, Vernon's Ann. the town of Angus was not qualified to hold such an election until it had been in existence for at least eighteen (18) months.

The trial court after hearing overruled Appellants' Motion for Summary Judgment (and thereby held that it had jurisdiction), and granted Appellees' Motion for Summary Judgment which declared the election invalid and void.

Appellants assert three points of error in their brief; however, in oral argument before this court counsel for Appellants stated that points two and three were waived. Therefore, we now consider Appellants' first point, which is their sole remaining point, as follows:

"The trial court erred in overruling Appellants' Motion for Summary Judgment because the evidence in the case clearly established that a notice of intention to contest the local option election was not given within the requirements of Article 9.03 of the Election Code."

We overrule this point and affirm the trial court's judgment.

Article 9.03 of the Election Code provides:

"Any person intending to contest the election of any one holding a certificate of election for any office mentioned in this law, shall, within thirty (30) days after the return day of election, give him a notice thereof in writing and deliver to him, his agent or attorney, a written statement of the ground on which such contestant relies to sustain such contest. By the "return day" is meant the day on which the votes cast in said election are counted and the official result thereof declared."

Article 9.05 provides in effect that the notice shall be served by any person competent to testify, and shall be served by delivering it to the contestee in person, if he can be found in the county.

■ In the case at bar, the District Attorney was the proper Contestee of the election contest in question under the pro-

visions of Articles 9.30 and 9.31 of the Election Code.

■ The citation was served upon the District Attorney within the 30 day period after the return day of the election, in accordance with Article 9.03.

We believe that Appellees' petition (when considering its allegations) as filed and as served by personal service upon the District Attorney in the manner as was done here, met all the requirements of Article 9.03 of the Election Code, and that the trial court thereby acquired jurisdiction over the election contest controversy. Messer v. Cross (1901), 26 Tex.Civ.App. 34, 63 S.W. 169, no writ history; Sanford v. Commissioners' Court, of Grayson County, Tex.Civ.App., Dallas CA 1943), 170 S. W.2d 846, no writ history; Ferguson v. Commissioners Court of Sabine County (Tex.Civ.App., Beaumont CA 1950), 230 S.W.2d 303, no writ history; Walker v. Thetford (Tex.Civ.App., Austin C.A. 1967), 418 S.W.2d 276, error refused NRE. It is immaterial that the petition was filed before the District Attorney was served. *Messer* and *Ferguson,* cited above.

■ We agree with Appellants that the mailing of the petition to the District Attorney by the Contestants by certified mail was insufficient to meet the requirements of Article 9.03. Bahn v. Savage (Tex.Civ. App., San Antonio CA 1938), 120 S.W.2d 644, writ refused by the Supreme Court in, 132 Tex. 113, 122 S.W.2d 191. However, this was surplusage and was apparently done by Contestants out of an abundance of caution.

We have carefully considered all the authorities cited by Appellants and are of the opinion that they do not conflict with the application of the rules enunciated by the cases hereinabove cited.

Judgment of the trial court is accordingly affirmed.

Affirmed.